STATE OF NORTH CAROLINA v. ROBERT MARK BARNHARDT

No. 8819SC303

(Filed 15 November 1988)

Searches and Seizures § 21— trafficking in cocaine—search warrant—probable cause

An affidavit was sufficient to provide probable cause for a search warrant even though it was based on hearsay from an unfamiliar confidential informant where the informant specifically identified the place to be searched and the evidence to be seized, stated that cocaine had been seen within the past twenty-four hours, and the affiant detective verified the detailed description of the house and that the truck parked at the house was registered to the suspect named by the informer. The affidavit provided timely information, exact details of the premises to be searched, described the informant's ability to identify cocaine, and, with the officer's credentials and experience, amounted to a substantial basis for the magistrate's determination that probable cause existed.

APPEAL by defendant from *Collier, Judge.* Judgment entered 14 January 1988 in Superior Court, ROWAN County. Heard in the Court of Appeals 25 October 1988.

On 2 August 1987, a detective of the Rowan County Sheriff's Department received information from a confidential informant that within the last twenty-four hours the informant had personally observed cocaine inside the defendant's house. The informant gave precise directions to the house and a detailed description of its exterior appearance. The detective went to the house de-

scribed and found the directions and the description to be correct. A call to the Department of Motor Vehicles revealed that the truck parked in the driveway of the house was registered to the defendant at the address given by the informant.

The detective put this information into an affidavit and presented a search warrant application to a magistrate who issued a search warrant. During the warranted search 40.9 grams of cocaine and 95 grams of marijuana were seized.

Defendant was indicted for trafficking in cocaine and possession of marijuana with intent to sell and deliver on 9 November 1987. Defendant filed a motion to suppress evidence. The parties agreed pursuant to G.S. 15A-974 that the motion to suppress be heard before trial. It was also agreed that, if the motion to suppress were denied, the defendant would enter a negotiated plea of guilty, and the defendant would appeal the denial of the motion to suppress. The motion to suppress was denied. Defendant was sentenced to five years. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General L. Darlene Graham, for the State.*

*Robert Vance Somers for defendant appellant.*

ARNOLD, Judge.

Defendant argues that the evidence in this case should have been suppressed because the warrant issued lacked probable cause. We disagree.

The affidavit offered in support of probable cause presents this issue: Is an affidavit based on information from an unfamiliar confidential informant who specifically identifies the place to be searched, the evidence to be seized, and a statement that cocaine was seen within the past twenty-four hours sufficient to support a showing of probable cause when the affiant detective verifies the detailed description of the house, and that the truck parked at the house is registered to the suspect named by the informer?

Though the affiant in this case has relied on hearsay information of an informant unfamiliar to the affiant, we conclude that the showing is sufficient to meet the "totality of the circumstances" test established in *Illinois v. Gates*, 462 U.S. 213, 103

S.Ct. 2317, 76 L.Ed. 2d 527 (1983), and adopted in *State v. Arrington,* 311 N.C. 633, 319 S.E. 2d 254 (1984):

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Gates* at 238-39, 103 S.Ct. at 2332, 76 L.Ed. 2d at 548. (Citations omitted.) The *Arrington* court explained that the *Gates* decision changes the law in probable cause cases in this important way: "[u]nder the totality of the circumstances test, the two prongs of *Aguilar* and *Spinelli*—veracity and basis of knowledge—are still relevant, but are not to be accorded independent status." *Arrington* at 638, 319 S.E. 2d at 257.

The following discussion of probable cause and search warrants guides us in our evaluation of the affidavit relied on in this case:

> Courts have accorded a preference to the warrant process because it provides an orderly procedure involving judicial impartiality whereby "a neutral and detached magistrate" can make "informed and deliberate determinations" on the issue of probable cause. *U.S. v. Ventresca,* 380 U.S. 102, 105, 85 S.Ct. 741, 744, 13 L.Ed. 2d 684, 687 (1965). As a result, in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fall. *Ventresca* at 106, 85 S.Ct. at 744, 13 L.Ed. 2d at 687. Further, appellate court review of a magistrate's probable cause decision is not subject to a technical *de novo* review, but is limited to whether "the evidence as a whole provided a substantial basis for a finding of probable cause . . . ." *Arrington* at 640, 319 S.E. 2d at 258.

> "Probable cause is a flexible, common-sense standard. It does not demand a showing that such a belief be correct or more likely true than false. A practical, nontechnical probability is all that is required." *State v. Zuniga,* 312 N.C. 251, 262, 322 S.E. 2d 140, 146 (1984).

Probable cause to search exists if a person of ordinary caution would be justified in believing that what is sought will be found in the place to be searched. LeFave, *Search and Seizure, A Treatise on the Fourth Amendment*, § 3.1(b) n.26 (1987), *accord State v. Goforth*, 65 N.C. App. 302, 309 S.E. 2d 488 (1983). The experience and expertise of the affiant officer may be taken into account in the probable cause determination, so long as the officer can justify his belief to an objective third party. *LeFave* § 3.2(c) *citing United States v. Davis*, 458 F. 2d 819 (D.C. Cir. 1972); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1968).

Timely information tied to the specific premises to be searched can support a finding of probable cause. *See Goforth* at 307, 309 S.E. 2d at 492-93 (1983), *accord LeFave* § 3.1(b). Concerning the reliability of the informant's information *Gates* teaches that "even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." *Gates* at 234, 103 S.Ct. at 2330, 76 L.Ed. 2d at 545.

With these rules in mind we consider the affidavit before us. The first paragraph of the affidavit sets forth the credentials of the affiant, a detective who "personally participated in drug investigations that involved arrests and convictions." He further stated that he "was familiar with the practices and methods of persons dealing in illegal controlled substances in this area, and knows the typical activities and practices of drug dealers."

The following three paragraphs of the affidavit state:

On August 2, 1987 a confidential informant stated they had personally observed a large amount of cocaine at the residence of Mark Barnhardt at 914 S. Carolina Ave., Spencer, NC. This cocaine was seen in the residence located at 914 South Carolina Ave. by the confidential informant within the past 24 hours. The confidential informer stated that Mark Barnhardt's house was a yellow wood frame house, single story residence trimmed in white and brown. The confidential informer stated that if you turn off 8th St. Spencer, NC and go south toward 11th St., Spencer, NC, that this house sits on the right back off the road approximately 50 yards.

This confidential informer knows what cocaine looks like. This confidential informant has used cocaine in the past and has bought cocaine in the past.

This confidential informer has never given any information to me before. This confidential informer expressed a desire to help law enforcement officers . . . with drug traffic in Rowan County. This confidential informer fears for their safety if their identify [sic] becomes known.

The remaining paragraphs of the affidavit describe the detective's trip to the described house and his call to the Department of Motor Vehicles to determine the name of the owner of the vehicle parked at 914 South Carolina Avenue.

Defendant's argument that the affidavit in this case "looks like" it was copied from the flawed affidavit in *State v. Newcomb*, 84 N.C. App. 92, 351 S.E. 2d 565 (1987), is without merit. The affidavit in *Newcomb* gave no details "from which one could conclude that the [informant] had current knowledge of details," or that the informant knew how to identify marijuana plants. *Id.* at 93, 351 S.E. 2d at 567.

The affidavit in this case provided timely information, exact detail of the premises to be searched, and it described the informant's ability to identify cocaine. These circumstances, supplemented by the officer's credentials and experience, amount to a substantial basis for the magistrate's determination that probable cause existed. The trial court did not err in denying the motion to suppress. Therefore the order of the trial court is

Affirmed.

Judges WELLS and COZORT concur.