STATE OF NORTH CAROLINA v. MARGARET ANN CRAWFORD

No. 9126SC97

(Filed 3 December 1991)

1. **Searches and Seizures § 23 (NCI3d)— narcotics—search warrant—probable cause**

    There was a substantial basis for a magistrate's finding of probable cause to issue a search warrant which resulted in a prosecution for cocaine offenses where the affidavit identified defendant's apartment and stated that five persons were arrested for possession within an hour on 19 April 1990 as they exited this residence; the affidavit described the traffic pattern at the residence after 19 April, with visitors staying in the apartment for about one minute; and the affidavit identified the officer observing the residence as a veteran officer of twenty years who had made sixty drug possession arrests. in the four-block area surrounding the apartment in the preceding three and one-half months. Defendant's contention that the affidavit must show that drugs were seen on the premises was rejected; the law does not require absolute certainty, only that probable cause exists to believe that drugs are on the premises.

    **Am Jur 2d, Searches and Seizures §§ 42, 43, 67-69.**

2. **Searches and Seizures § 23 (NCI3d)— search warrant—allegedly conflicting testimony from officer**

    The trial court did not err in a narcotics prosecution by denying defendant's motion for reconsideration of a motion to suppress evidence seized pursuant to a search warrant where defendant contended that an officer's testimony contradicted

STATE v. CRAWFORD

[104 N.C. App. 591 (1991)]

information attributed to him and relied upon by the magistrate in finding probable cause for issuance of the search warrant. The officer's testimony did not conflict materially with the information in the affidavit and, because the affiants did not act in bad faith or include materially false statements in their search warrant application, the *Franks* test need not be applied.

**Am Jur 2d, Searches and Seizures §§ 64-66.**

**Disputation of truth of matters stated in affidavit in support of search warrant — modern cases. 24 ALR4th 1266.**

3. **Narcotics § 3.1 (NCI3d) — arrests outside residence — admissible**

The trial court did not err in a prosecution which resulted in convictions for possession of cocaine, maintaining a building for keeping or selling a controlled substance, and possession of drug paraphernalia by denying defendant's motion in limine to exclude evidence concerning drug arrests made outside her residence.

**Am Jur 2d, Evidence § 266.**

4. **Narcotics § 3.1 (NCI3d) — reputation of neighborhood — inadmissible — harmless error**

There was no prejudice in a narcotics prosecution from the denial of defendant's motion in limine to exclude evidence of the reputation of defendant's neighborhood. Such evidence is inadmissible hearsay, but there was an abundance of other evidence properly admitted about the traffic pattern at the apartment, the arrest of persons exiting the apartment, and other evidence overwhelmingly establishing defendant's guilt.

**Am Jur 2d, Evidence §§ 497, 503.**

5. **Narcotics § 4.3 (NCI3d) — cocaine — constructive possession — evidence sufficient**

The evidence of constructive possession of cocaine found on a kitchen table was sufficient to survive a motion to dismiss where, at the time of the search, the occupants of the kitchen and defendant stated that the apartment belonged to defendant and the lease designated defendant as the sole tenant.

**Am Jur 2d, Drugs, Narcotics and Poisons §§ 40 et seq.**

**6. Narcotics § 4.6 (NCI3d) — instructions — knowledge of possession — no error**

There was no error in a narcotics prosecution in the court's refusal to include defendant's proposed instruction on knowledge in the charge to the jury where the instruction given by the trial court correctly stated the law and conveyed the substance of defendant's requested instruction.

**Am Jur 2d, Trial §§ 588 et seq., 604 et seq.**

**7. Criminal Law § 957 (NCI4th) — motion for appropriate relief — not timely**

A motion for appropriate relief in a cocaine prosecution was properly dismissed where the motion was filed 13 days after entry of judgment. A motion for appropriate relief under N.C.G.S. § 15A-1414(a) is timely only if made "not more than 10 days after entry of judgment."

**Am Jur 2d, Appeal and Error §§ 292 et seq.**

APPEAL by defendant from Judgment entered 22 October 1990 in MECKLENBURG County Superior Court by *Judge Samuel A. Wilson, III.* Heard in the Court of Appeals 10 October 1991.

*Lacy H. Thornburg, Attorney General, by Marilyn R. Mudge, Assistant Attorney General, for the State.*

*Isabel Scott Day, Public Defender, by Grady Jessup, Assistant Public Defender, for defendant-appellant.*

WYNN, Judge.

The State's evidence tended to show that in February 1990, veteran Officer Stanton, assigned to the Charlotte Police Department's drug task force, conducted ongoing surveillance of a four-block area encompassing an apartment at 2600 Kenhill Drive. He drove on Kenhill three to four times daily and saw people "in and around that apartment." The officer also observed activity at 2600 Kenhill using a spotting telescope set up in a vacant apartment nearby. On 19 April 1990, Officer Stanton saw William Boyd leave his own apartment at 2617 carrying a small pouch. A woman later identified as defendant let him in at 2600. Boyd left after five minutes without the pouch. Five persons were arrested on this day with cocaine in their possession after leaving the apart-

ment, and the packages they were carrying were identical in appearance.

Officer Stanton continued to observe activity at 2600 Kenhill between 19 April and 30 April, and he saw persons arrive by car at the rate of eight every two or three hours. They left after staying in the apartment only two or three minutes. No one other than defendant ever answered the door.

The State's evidence further showed that Officer Stanton continued surveillance until 8 May 1990. Officers Brown and Cunningham examined Officer Stanton's file and secured a warrant to search 2600 Kenhill. A total of nine officers executed the warrant on the morning of 10 May 1990. After twice identifying themselves as law officers and announcing that they had a search warrant, they gained entry by kicking in the inner door. Officer Cunningham found defendant with her two children in the den; and, after defendant said the apartment was hers, Officer Cunningham read her the warrant.

The officers continued the search and seized two pieces of crack cocaine, one from the kitchen table and the other from William Boyd, one of the three adults found by the police in the kitchen. They also seized items used in the distribution and use of cocaine, such as scales, pipes, forceps, alcohol, razor blades, copper screens, cotton, and mirrors. The officers found a cocaine pipe within defendant's reach and found drug order forms in the same drawer as defendant's driver's license.

At trial, defendant denied that she resided at 2600 Kenhill on the day of the search. She testified that she had lived with her mother since February and had returned on May 9 to collect her belongings. She stated she was the only tenant named in the lease, but that Loretta Falls, one of the three adults found in the kitchen, had been paying the rent. Defendant also denied knowing that cocaine was being sold in the apartment.

The jury found defendant guilty of possession of cocaine, knowingly maintaining a building for the keeping or selling of a controlled substance, and possession of drug paraphernalia. To this court, defendant appealed.

I.

[1] Defendant first contends that the trial court erred by denying her motion to suppress evidence. She argues that the affidavit

supporting the application for the search warrant was insufficient to establish probable cause for the following reasons: (1) the affiant failed to state that a controlled substance had been seen or purchased upon the premises, (2) the affidavit contained conclusory statements, and (3) the hearsay information in the affidavit did not constitute sufficient detail. We disagree.

Constitutional and statutory provisions require that a search warrant be based on probable cause. U.S. Const. amend. IV; N.C.G.S. § 15A-244 (1988). *See State v. Riggs*, 328 N.C. 213, 400 S.E.2d 429 (1991). The standard definition of probable cause is reasonable grounds to believe a search of the premises would produce the objects sought and that the objects would aid in the apprehension or conviction of the offender. *State v. Arrington*, 311 N.C. 633, 319 S.E.2d 254 (1984). The presence of probable cause is a pragmatic question which turns on the particular set of facts and the type of offense involved. *State v. Allen*, 282 N.C. 503, 194 S.E.2d 9 (1973). "[R]esolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *United States v. Ventresca*, 380 U.S. 102, 109, 13 L.Ed.2d 684, 689 (1965). When reviewing a magistrate's determination of probable cause, this court must pay great deference and sustain the magistrate's determination if there existed a substantial basis for the magistrate to conclude that the articles searched for were probably present. *State v. Vestal*, 278 N.C. 561, 180 S.E.2d 755 (1971).

All applications for search warrants must be in writing upon oath or affirmation and contain the following:

(1) The name and title of the applicant; and

(2) A statement that there is probable .cause to believe that items subject to seizure under G.S. 15A-242 may be found in or upon a designated or described place, vehicle, or person; and

(3) Allegations of fact supporting the statement. The statements must be supported by one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched; and

(4) A request that the court issue a search warrant directing a search for and the seizure of the items in question.

N.C.G.S. § 15A-244 (1988). If the affidavit is based on hearsay information, then it must contain the circumstances underlying the informer's reliability and the basis for the informer's belief that a search will uncover the objects sought by the police. *State v. Campbell*, 282 N.C. 125, 129, 191 S.E.2d 752, 755 (1972).

In the case at bar, the affidavit identified defendant's apartment and stated that five persons were arrested for possession within an hour on 19 April 1990, "as they exited this residence." The affidavit further described the traffic pattern at the residence after 19 April, with visitors only staying in the apartment for about one minute. Additionally, the affidavit identified the officer observing the residence as a veteran officer of twenty years who had made sixty drug possession arrests in the four-block area surrounding the apartment in the preceding three-and-one-half months.

We find that there was a substantial basis for the magistrate's finding of probable cause. The information that Officers Cunningham and Brown used to apply for the warrant was supplied by a very experienced law officer, Officer Stanton. *See State v. Horner*, 310 N.C. 274, 311 S.E.2d 281 (1984) (Officers may rely on information obtained from fellow officers when applying for a search warrant.). There were sufficient facts and details to support the magistrate's issuance of the search warrant. Furthermore, we reject defendant's contention that the affidavit must show that drugs were seen on the premises. The law does not require absolute certainty, it requires only that probable cause exists to believe there are drugs on the premises. *State v. Eutsler*, 41 N.C. App. 182, 254 S.E.2d 250, *disc. review denied*, 297 N.C. 614, 257 S.E.2d 438 (1979). We find no merit to the defendant's argument on this issue.

[2] Additionally, defendant contends that the trial court committed error by denying defendant's motion for reconsideration of the motion to suppress evidence. Defendant asserts that Officer Stanton's testimony contradicted information attributed to him and relied upon by the magistrate in finding probable cause for issuance of the search warrant.

In *Franks v. Delaware*, 438 U.S. 154, 57 L.Ed.2d 667 (1978), the United States Supreme Court announced the remedy for materially false statements in search warrant applications:

[W]e hold that, where the defendant makes a substantial preliminary showing that a false statement knowingly and

STATE v. CRAWFORD

[104 N.C. App. 591 (1991)]

intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Id.* at 155-56, 57 L.Ed.2d at 672. *See State v. Loucheim*, 296 N.C. 314, 250 S.E.2d 630, *cert. denied*, 444 U.S. 836, 62 L.Ed.2d 47 (1979).

Defendant specifically points to three alleged conflicts between the affidavit and Officer Stanton's testimony at trial: (1) the affidavit described surveillance beginning in February 1990, (2) observations ending at 11:00 p.m. each day, and (3) the arrests of five persons leaving the residence with cocaine on 19 April. Officer Stanton's testimony, however, did not conflict materially with this information in the affidavit. At trial, Officer Stanton did not contradict the information in the affidavit that surveillance began in February 1990; he merely testified that the surveillance of 2600 Kenhill began from a nearby apartment on 19 April. Also, Officer Stanton's shift did end at 3:00 p.m., but he exchanged information with other officers who conducted surveillance during the second shift. Finally, although Officer Stanton only testified at trial about two arrests on 19 April, he at no time stated that only two took place. Because we find that the affiants, Officers Cunningham and Brown, did not act in bad faith nor did they include materially false statements in their search warrant application, we need not apply the *Franks* test to the instant case. We, therefore, affirm the trial court's denial of defendant's motion to suppress.

II.

[3] Prior to trial, defendant made a motion in limine seeking to exclude evidence concerning the drug arrests that were made outside her residence and the reputation of her neighborhood. The trial judge partially granted defendant's motion by excluding testimony that 2600 Kenhill was reputed to be a "drug house." Defendant assigns error to the extent that her motion was denied

on the basis that the evidence was irrelevant, immaterial, and so prejudicial that she should be granted a new trial.

In *State v. Alston*, 91 N.C. App. 707, 713, 373 S.E.2d 306, 311 (1988), this Court held that testimony regarding drug-related arrests which occurred at the place where police arrested defendant was admitted properly. This Court reasoned that such evidence was relevant to the charge of maintaining a building for the purpose of keeping or selling a controlled substance. *Id.* at 714, 373 S.E.2d at 311. Likewise, in the instant case, the trial court properly denied defendant's motion to exclude evidence of those persons who were arrested for possessing drugs while exiting her residence.

[4]  We find error, however, regarding the denial of defendant's motion to exclude evidence of the reputation of defendant's neighborhood. The rule in North Carolina respecting evidence of the reputation of defendant's home or neighborhood is that such evidence is inadmissible hearsay. *See, e.g., State v. Weldon*, 314 N.C. 401, 333 S.E.2d 701 (1985); *State v. Tessnear*, 265 N.C. 319, 144 S.E.2d 43 (1965); *State v. Springs*, 184 N.C. 768, 114 S.E. 851 (1922). In the case at bar, the State failed to advance any argument concerning the admissibility of this evidence. Accordingly, we find that the trial court erred in denying defendant's motion in limine to exclude the reputation evidence of defendant's neighborhood.

Although we have determined that the trial court erred with respect to this reputation evidence, errors not amounting to constitutional errors do not warrant the granting of a new trial unless "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a) (1988). If there is overwhelming evidence of defendant's guilt or an abundance of other evidence to support the State's contention, the erroneous admission of evidence is harmless. *Weldon*, 314 N.C. at 411, 333 S.E.2d at 707. The record indicates that there was an abundance of other evidence properly admitted at trial about the traffic pattern at 2600 Kenhill, the arrest of persons while exiting the apartment, and other evidence overwhelmingly establishing defendant's guilt. The absence of the evidence admitted regarding the reputation of defendant's neighborhood presents no reasonable possibility that the result in this trial would have been different. We conclude that this error was harmless and,

accordingly, overrule defendant's assignment of error on this point.

## III.

[5] Defendant also contends that the trial court improperly denied her motion to dismiss because there was insufficient evidence that she was in constructive possession of cocaine. At trial, the State conceded that defendant was not sufficiently close to the cocaine on the kitchen table to establish actual possession.

Constructive possession of a substance exists when the defendant "has both the power and intent to control its disposition or use." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). If the defendant does not have exclusive control over the premises, there must be present other incriminating circumstances before the court can find constructive possession. *State v. Autry*, 101 N.C. App. 245, 253, 399 S.E.2d 357, 362 (1991).

In the instant case, at the time of the search, the occupants of the kitchen and defendant stated that the apartment belonged to her. Also, the lease designated defendant as the sole tenant. We, therefore, find that the trial court properly denied defendant's motion to dismiss. This was ample evidence of defendant's exclusive possession of 2600 Kenhill to survive a motion to dismiss. *See State v. Morris*, 102 N.C. App. 541, 402 S.E.2d 845 (1991) (The trial court must view the evidence in the light most favorable to the State.).

## IV.

[6] Defendant next assigns error to the trial court's refusal to include defendant's proposed instruction on knowledge in the charge to the jury. Defendant submitted a written request for an instruction in accordance with *State v. Elliott*, 232 N.C. 377, 61 S.E.2d 93 (1950) as follows:

[M]embers of the Jury the State is prosecuting Ms. Crawford for Possession of Cocaine With Intent to Sell or Deliver; Possession of Cocaine; Possession of Drug Paraphernalia, and Maintaining a Place to Keep Controlled Substances. The defendant has testified that she did not have knowledge of the presence of cocaine or drug paraphernalia, or that cocaine was being kept or sold at 2600 Kenhill Drive, Charlotte, North Carolina.

Therefore, I instruct you the burden is not upon the accused to prove that She did not have knowledge, but upon the State to prove her guilt beyond a reasonable doubt. Therefore, before you may enter a finding of guilty in these cases, the State must prove beyond a reasonable doubt that defendant had knowledge of the presence of cocaine and drug paraphernalia at the premises, and that the premises were maintained to keep or sell a controlled substance.

If the State does not so prove, or if you have a reasonable doubt about the same you must enter a verdict of not guilty.

The trial judge did not give the exact instruction requested by defendant. He did, however, repeatedly charge the members of the jury that they could convict defendant only if she knowingly possessed contraband and drug paraphernalia. For example, when instructing on the charge of possessing a controlled substance with the intent to sell or deliver, the trial judge charged that "the State must prove two things beyond a reasonable doubt: first, that the defendant knowingly possessed cocaine." The judge further stated that "[a] person had actual possession of a substance if he or she has it on his or her person, is aware of its presence, and either by herself or together with others has both the power and intent to control its disposition or use." Additionally, when instructing on the charge of possession of drug paraphernalia, the trial judge stated the following:

The second thing the State must prove beyond a reasonable doubt for you to find the defendant guilty of unlawfully and knowingly possessed with the intent to use drug paraphernalia is that the defendant did this knowingly.

A person possesses drug paraphernalia knowingly when she is aware of its presence and has either by herself or together with others both the power and intent to control the disposition and use of such paraphernalia.

Because the instruction given by the trial judge correctly stated the law and conveyed the substance of defendant's requested instruction, we find no merit in defendant's assignment of error.

## V.

[7] Finally, defendant contends that the trial court improperly dismissed her motion for appropriate relief. A motion for appropriate

relief under N.C.G.S. § 15A-1414(a) (1988) is timely only if made "not more than 10 days after entry of judgment." In the case at bar, entry of judgment occurred on 24 October 1990. Defendant did not file her motion until 6 November 1990, thirteen days later. Accordingly, we affirm the trial court's dismissal of defendant's motion.

No prejudicial error.

Judges WELLS and PARKER concur.