STATE OF NORTH CAROLINA v. LARRY EUGENE RODGERS

No. COA02-1671

(Filed 18 November 2003)

**Search and Seizure— search warrant—motion to suppress cocaine**

The trial court did not err by denying defendant's motion to suppress cocaine found in his home as the result of a search warrant, because: (1) the law does not require absolute certainty, but only requires that probable cause exists to believe there are drugs on the premises; and (2) based on a confidential informant's tip and the officer's training and experience, the totality of circumstances provided sufficient probable cause to support issuance of the search warrant for defendant's home.

Appeal by defendant from judgment entered 11 December 2001 by Judge Timothy S. Kincaid in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 October 2003.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General George K. Hurst, for the State.*

*Noell P. Tin and C. Melissa Owen for defendant-appellant.*

HUNTER, Judge.

Larry Rodgers ("defendant") appeals the denial of a motion to suppress cocaine found in his home as the result of a search warrant. For the reasons stated herein, we affirm.

On 23 June 2000, Detective M. D. Marlow ("Det. Marlow"), of the Charlotte-Mecklenburg Police Department, filed an application for a search warrant for the person and home of defendant. Det. Marlow's affidavit supporting probable cause for the search warrant provided:

> On 6/23/00 I received information from a confidential and reliable informant that the above described subject [black male, approximately five feet, five inches, 170 pounds, and 20-25 years of age] known as Shorty, was in possession of a large quantity of cocaine at his residence located at 3930 Tamerlane Rd. within the past forty[-]eight (48) hours. The confidential informant said that Shorty would be transporting a quantity of cocaine from his residence in a white Chrysler Sedan. The confidential informant said that Shorty would be transporting and delivering the drugs from his residence in the white Chrysler Sedan on 6/23/00. Based upon this information I set up surveillance at 3930 Tamerlane Rd. On 6/23/00 at approximately 1850 hours Shorty along with another subject walked out of 3930 Tamerlane Rd. Shorty then got into the driver's seat of a white Chrysler Sedan that was parked in the driveway of 3930 Tamerlane Rd. The other subject then got into the passenger seat of the same vehicle. The subjects then headed outbound on Tamerlane Rd. to N. Sharon Amity Rd. The vehicle was stopped off of N. Sharon Amity Rd. by Officer G.P. Brown #1686. The driver of the vehicle known as Shorty along with the other occupant then gave Officer Brown consent to search their persons and the vehicle they occupied. As a result of the search Shorty was found to have a small bag of marijuana in his possession and the other occupant had approximately $1500.00 in U.S. Currency in his possession.

> This applicant has known this informant for one month. During this time this informant has given this applicant information regarding persons involved in drug trafficking in the Charlotte-

STATE v. RODGERS

[161 N.C. App. 311 (2003)]

Mecklenburg area which this applicant has verified to be true through his own independent investigation. This informant has given this applicant information that has led to the arrest of individuals in violation of the North Carolina Controlled Substance Act.

Based on this applicant[']s training and experience to wit: This applicant has over 6 years law enforcement experience. This applicant has been to drug schools on the state and federal level. This applicant knows that individuals involved in drug activities frequently possess firearms[,] Beepers, Cellular phones, Currency and Drug transaction records.

Based upon this affidavit, the warrant was issued and, during the search, approximately 488 grams of cocaine were seized. Defendant was subsequently indicted for Possession of Schedule VI Controlled Substance, Trafficking in Cocaine, Maintaining a Place to Keep Controlled Substances, and Possession of Drug Paraphernalia.

Defendant filed a motion to suppress the fruits of the search, which was heard on 13 August 2001. For purposes of the suppression hearing, defendant stipulated to the information in the search warrant application with the exception of the make and model of the vehicle. In an order filed 15 August 2001, the court denied defendant's motion after finding, *inter alia:*

8. That said application for the search warrant contains an affidavit describing certain events that occurred on June 23, 2000, before said search warrant was issued.

9. That the description of events, together with information from a confidential and reliable informant described in said application, constitutes a substantial basis for the conclusion of said Magistrate that probable cause for the search did exist.

10. That the Court finds, determines and concludes that on June 23, 2000, the issuing Magistrate found probable cause from the totality of the circumstances.

11. The . . . affidavit of Detective M.D. Marlow, considered in its entirety, is sufficient, in all regards, to supply and support probable cause for the issuance of said search warrant.

Thereafter, defendant entered into a negotiated plea of guilty to one count of Trafficking in Cocaine. The other charges were dis-

missed. As a condition of the plea, defendant reserved his right to appeal the denial of his motion to suppress.

Defendant argues the cocaine found in his home should have been suppressed because Det. Marlow's affidavit lacked probable cause to support issuance of a search warrant. We disagree.

"Probable cause to search exists if a person of ordinary caution would be justified in believing that what is sought will be found in the place to be searched." *State v. Barnhardt*, 92 N.C. App. 94, 97, 373 S.E.2d 461, 462 (1988). When relying on an affidavit to establish probable cause to issue a search warrant, we are guided by the following:

> Courts have accorded a preference to the warrant process because it provides an orderly procedure involving judicial impartiality whereby "a neutral and detached magistrate" can make "informed and deliberate determinations" on the issue of probable cause. As a result, in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fall. Further, appellate court review of a magistrate's probable cause decision is not subject to a technical *de novo* review, but is limited to whether "the evidence as a whole provided a substantial basis for a finding of probable cause . . . ."

*Id.* at 96, 373 S.E.2d at 462 (citations omitted). Simply stated, the application for a search warrant must be viewed using the "totality of circumstances test" when determining whether there was sufficient probable cause to issue the warrant. *See State v. Arrington*, 311 N.C. 633, 319 S.E.2d 254 (1984). Specifically, if these circumstances are established through the use of a reliable confidential informant's tip and supplemented by an officer's credentials and experience, it can amount to a substantial basis for a magistrate's determination that probable cause existed. *See Barnhardt*, 92 N.C. App. at 97, 373 S.E.2d at 462-63.

When considering Det. Marlow's affidavit, the first paragraph recites information he received from a "confidential and reliable informant." The indicia of reliability of an informant's tip "may include (1) whether the informant was known or anonymous, (2) the informant's history of reliability, and (3) whether information provided by the informant could be independently corroborated by the police." *State v. Collins*, 160 N.C. App. 310, 315, 585 S.E.2d 481, 485 (2003). Det. Marlow stated in his affidavit that he had known the

informant for one month prior to the incident in question and during that time, the informant had given him reliable information on drug trafficking in the Charlotte-Mecklenburg area which resulted in several arrests. With respect to defendant, the informant gave Det. Marlow defendant's nickname, physical description, and home address, as well as the make and model of the vehicle defendant would be driving to transport the cocaine on 23 June 2000. Based on that information, Det. Marlow set up surveillance of defendant's residence on 23 June 2000 and was able to independently corroborate the informant's tip.

Additionally, the last paragraph of Det. Marlow's affidavit set forth his credentials and experience as to drug activities. This Court has held that "[t]he experience and expertise of the affiant officer may be taken into account in the probable cause determination, so long as the officer can justify his belief to an objective third party." *Barnhardt*, 92 N.C. App. at 97, 373 S.E.2d at 462 (citations omitted). When Det. Marlow subsequently stopped defendant's vehicle and conducted a consensual search of that vehicle and its occupants, he discovered marijuana in defendant's possession and $1,500.00 in cash in the other occupant's possession. With six years of law enforcement experience and drug school training, Det. Marlow could justify his belief to a reasonable third party that finding marijuana and a large sum of money indicated that defendant was involved in drug activities. Further, not finding the cocaine in the vehicle, as reported by the informant, provided probable cause to believe that it was still in defendant's home.

It should be noted that defendant also argues false information in Det. Marlow's affidavit was used by the trial court to provide a basis for establishing probable cause. Specifically, defendant contends that the affidavit stated that the informant said defendant would be transporting cocaine in a white Chrysler sedan, but the officers actually stopped and searched a white Dodge Dynasty. However, defendant has failed to make a " 'substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit[.]' " *State v. Crawford*, 104 N.C. App. 591, 596-97, 410 S.E.2d 499, 502 (1991) (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 672 (1978) (holding that a search warrant issued under those circumstances lacks probable cause if the remaining content of the affidavit is insufficient to establish probable cause)). In reciting the facts at the suppression hearing, defendant's counsel merely stated the

officers "stopped a vehicle of similar description" to that given by the informant offering no further argument as to the vehicle's make or model. In the absence of a preliminarily showing of bad faith, the validity of the affidavit must stand.

In conclusion, "[t]he law does not require absolute certainty, it requires only that probable cause exists to believe there are drugs on the premises." *Crawford*, 104 N.C. App. at 596, 410 S.E.2d at 502 (citation omitted). Based on the informant's tip and Det. Marlow's training and experience, we conclude that the "totality of the circumstances" provided there was sufficient probable cause to support issuance of the search warrant for defendant's home. Thus, the trial court's denial of defendant's motion to suppress was proper.

Affirmed.

Judges McGEE and CALABRIA concur.