STATE OF NORTH CAROLINA
v.
HUMBERTO MEZA ARREOLA
No. COA07-538
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Robert T. Hargett, for the State.
The Law Offices of James D. Williams, Jr., P.A., by James D. Williams, Jr., for Defendant.
STEPHENS, Judge.
Following the denial of his motion to suppress evidence, Defendant Humberto Meza Arreola ("Defendant") pled guilty to two counts of trafficking in cocaine, and was sentenced to 105 to 126 months in prison. Pursuant to N.C. Gen. Stat. § 15A-979(b), Defendant appeals from the judgments entered upon his guilty plea, arguing the trial court erred in denying his motion to suppress. In reviewing the denial of a motion to suppress, we determine whether the trial court's findings of fact are supported by competent evidence and whether those findings in turn support the trial court's conclusions of law. State v. Cooke, 306 N.C. 132, 291 S.E.2d 618 (1982). Findings of fact are "conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." State v. Eason, 336 N.C. 730, 745, 445 S.E.2d 917, 926 (1994) (citations omitted), cert. denied, 513 U.S. 1096, 130 L. Ed. 2d 661 (1995). In this case, Defendant has not assigned error to any of the findings of fact in the trial court's order denying his motion to suppress, and, consequently, those findings are binding on appeal. State v. Carter, __ N.C. App. __, 646 S.E.2d 846 (2007).
According to the findings of fact, on 14 April 2005, officers of the Raleigh Police Department arranged to purchase a half kilogram of cocaine from an individual identified as Navaro Burgos ("Burgos"). The officers arrested Burgos when he arrived at the prearranged location with the cocaine. Burgos agreed to assist the officers in the apprehension of his supplier who, according to Burgos, had an address of 3211, Lot 22, University Station Road, Durham. Burgos arranged to meet his supplier for the purpose of returning the half kilogram of cocaine. When Defendant met Burgos at a prearranged location in Durham to pick up the cocaine, he was arrested by the Raleigh officers. Defendant's driver's license listed his address as 3211, Lot 22, University Station Road, Durham. Because this address is located in Orange County, the Raleigh officers contacted the Orange County Sheriff's Department to apply for a warrant to search the listed address.
On 15 April 2005, Sergeant Randy Hawkins of the Orange County Sheriff's Department applied for a warrant to search Defendant's residence. He executed the following affidavit:
1. Orange County Sheriff's Office Investigator Randy Hawkins executes this affidavit. I have been a sworn law enforcement officer for over 14 years, all with the Orange County Sheriff's Office. I have been a drug and narcotics Investigator for over seven years and participated in over one hundred fifty felony drug cases during that time. I have attended numerous investigative schools on the law and techniques of the investigation of drug offenses.
2. On Thursday April 14, 2005 the Raleigh [P]olice Department conducted an operation in their city where arrangements were made with a Hispanic male to purchase ½ kilogram of cocaine. When the suspect showed up at the prearranged location he was arrested. As a result of this arrest the suspect agreed to cooperate with the arresting officers. A telephone call was made to the suspect's supplier and arrangements were made to meet in Durham North Carolina.
3. The Hispanic male suspect from Raleigh who is identified as Navaro Burgos met with a Hispanic male identified as Humberto Meza Arreola at a prearranged location in Durham North Carolina. Humberto Arreola was at this location to pick up the ½ kilogram of cocaine. As a result of this meeting Humberto Arreola was also arrested. A check of Humberto Arreola drivers license and vehicle registration showed an address of 3211 lot 22 University Station Road Durham North Carolina which is located in Orange County.
4. Also during this investigation Navaro Burgos told Raleigh Police [O]fficers that he has been to Humberto Arreola's residence in Orange County in the past couple of weeks and personally observed a large amount of cocaine at the residence. Navaro Burgos also brought Raleigh Police officers to Orange County and pointed out a mobile home that was the home of Humberto Arreola. The mobile home that was pointed out by Navaro Burgos matched with the address on Humberto Arreola's drivers license.
5. Based on the arrests made by Raleigh Police Department and the information provided by Navaro Burgos I feel that more controlled substances are currently located at the residence of Humberto Arreola located at 3211 Lot 22 University Station Road Durham NC.
6. I respectfully request the court to issue a warrant to search the premises located at 3211 Lot 22 University Station Road.
A magistrate issued a search warrant and, on Friday, 15 April 2005, Orange County Sheriff's deputies executed the warrant. Receiving no answer to their knock on the mobile home's door, the deputies forced their way into the residence, but no one was inside. The deputies found and seized, inter alia, a safe storing three chunks of a white powder substance subsequently identified as 719 grams of cocaine, digital scales, and assorted zip lock bags. The search warrant was returned to the clerk's office three days later, on the Monday following the warrant's execution.
Defendant contends the court erred by denying the motion to suppress for the following reasons: (1) the affidavit in application for the search warrant was based upon information provided by Burgos, who was not a reliable informant; (2) the magistrate lacked sufficient facts upon which to make a practical, common sense determination that contraband was likely to be found in the residence; (3) the Raleigh Police Department officers acted outside of their jurisdiction when they arrested Defendant in Durham; (4) the information contained in the affidavit was stale; and (5) Orange County deputies delayed unreasonably in returning the warrant to the clerk's office.
An application for a search warrant must contain a statement, supported by allegations of fact, that there is probable cause to believe items subject to seizure may be found on the premises sought to be searched. N.C. Gen. Stat. § 15A-244 (2005). Under the "totality of the circumstances" standard adopted by our Supreme Court in determining the existence of probable cause,
"[t]he task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed."
State v. Arrington, 311 N.C. 633, 638, 319 S.E.2d 254, 257-58 (1984) (quoting Illinois v. Gates, 462 U.S. 213, 238-39, 76 L. Ed. 2d 527, 548 (1983)). When the application is based upon information provided by an informant, the affidavit should state circumstances supporting the informant's veracity and reliability and the belief that a search will find the items sought. State v. Crawford, 104 N.C. App. 591, 410 S.E.2d 499 (1991). A showing is not required "that such a belief be correct or more likely true than false. A practical, nontechnical probability is all that is required." State v. Zuniga, 312 N.C. 251, 262, 322 S.E.2d 140, 146 (1984) (citation omitted). The extent to which probable cause has evaporated due to the passage of time is a determination based upon common sense, taking into consideration factors such as the nature of the contraband and the character of the offense. State v. Pickard, 178 N.C. App. 330, 631 S.E.2d 203, appeal dismissed and disc. review denied, 361 N.C. 177, 640 S.E.2d 59 (2006). "Reviewing courts should give great deference to the magistrate's determination of probable cause and should not conduct a de novo review of the evidence to determine whether probable cause existed at the time the warrant was issued." State v. Greene, 324 N.C. 1, 9, 376 S.E.2d 430, 436 (1989) (citations omitted),sentence vacated on other grounds, 494 U.S. 1022, 108 L. Ed. 2d 603 (1990).
In denying the motion to suppress, the trial court concluded that neither Sergeant Hawkins nor any other officers presenting evidence to the magistrate were required to have personal knowledge of the facts supplied to the magistrate because (1) the information was collected and communicated by other law enforcement officers acting in the course of their duties based on their own observations, (2) the information was based on information supplied by an identified informant whose statements had indicia of reliability, and (3) the officers' observations were consistent with the information provided by the informant. The court considered the following as bolstering the credibility of Burgos's information: (1) Burgos waived his Miranda rights and did not request that his identity be kept confidential; (2) Burgos had in his possession a half kilogram of cocaine at the time of his arrest; (3) Burgos made statements against his penal interests by implicating himself in a conspiracy with Defendant to sell and distribute cocaine; (4) Burgos called Defendant and set up a meeting for the purpose of returning the half kilogram of cocaine to Defendant; and (5) Burgos gave the exact street address of Defendant's residence and pointed out the residence to the officers, inside of which he had seen a large quantity of cocaine two weeks earlier. The court concluded that the information provided by the Raleigh Police Officers to Sergeant Hawkins possessed indicia of reliability because they personally observed Burgos in possession of a half kilogram of cocaine, they personally observed Defendant arrive at the prearranged location in Durham to accept the return of the half kilogram of cocaine, and they personally confirmed that the residence pointed out by Burgos matched the address shown on Defendant's driver's license. The court also concluded that the information was not stale.
The trial court's conclusions of law are supported by the findings and are correct. We are satisfied that the affidavit supports a reasonable conclusion that a fair probability of finding contraband in the residence existed. Furthermore, considering all relevant factors, the information relied upon was not stale. Defendant's arguments to the contrary are overruled.
As to Defendant's argument that the motion to suppress should have been allowed because the Raleigh police officers acted outside of their territorial jurisdiction in arresting Defendant in Durham, we note that Defendant raised this issue neither in the motion nor at the hearing thereon. Accordingly, we need not address this issue for the first time on appeal. State v. Hunter, 305 N.C. 106, 286 S.E.2d 535 (1982).
Finally, we find no merit in Defendant's contention that his motion should have been granted because the return of the warrant occurred three days after its execution. See N.C. Gen. Stat. § 15A-257 (2005) ("An officer who has executed a search warrant must, without unnecessary delay, return to the clerk of the issuing court the warrant together with a written inventory of items seized."). The search warrant was executed on a Friday and returned to the clerk's office the following Monday. Defendant alerts us to no cases  and we are aware of none  where a delay of this magnitude warrants suppression of evidence.
The trial court did not err in denying the motion to suppress and the judgments of the trial court are affirmed.
AFFIRMED.
Judges TYSON and GEER concur.
Report per Rule 30(e).