STATE OF NORTH CAROLINA v. GARY DEAN NELSON

No. 199A94

(Filed 6 October 1995)

**1. Rape and Allied Sexual Offenses § 200 (NCI4th)— second-degree rape—attempted rape not submitted—no error**

The trial court did not err in a prosecution for second-degree rape and kidnapping by not submitting attempted second-degree rape where defendant denied that penetration occurred but also testified that the event was consensual. If the jury had believed the defendant's evidence, he would have been found not guilty.

**Am Jur 2d, Rape § 110.**

**2. Appeal and Error § 157 (NCI4th)— second-degree rape— jury request to view evidence—communication between foreperson and judge—appealable**

The issue of whether there was error in a second-degree rape prosecution in a meeting between the judge and the foreperson out of the presence of the other eleven jurors to discuss a request to view evidence was appealable. The State conceded that the failure to object did not prevent defendant from appealing, but contended that defendant consented by not objecting when the court said it would ask only the foreman to return to the courtroom, and also cited the court's statement after if had sent the items to the jury room that it "was done in accordance with the procedure suggested by" defense counsel. This is not sufficient to show the defendant consented to the procedure.

**Am Jur 2d, Appellate Review § 222.**

STATE v. NELSON

[341 N.C. 695 (1995)]

**Postretirement out-of-court communications between jurors and trial judge as grounds for new trial or reversal in criminal case. 43 ALR4th 410.**

**3. Criminal Law § 497 (NCI4th)— second-degree rape—deliberations—review of evidence—no prejudicial error**

There was no prejudicial error in a prosecution for second-degree rape and kidnapping where the jury sent a note to the judge during deliberations asking to review certain items of evidence and the court asked only the foreperson to return to the courtroom to discuss the request before allowing the evidence to be taken to the jury room. Although it was error not to require all the jurors to return to the courtroom for the questions in regard to the exhibits, there was no prejudice because all of the exhibits which were given to the jury had been introduced into evidence; the court did not give any instructions to the foreman except not to alter or change the exhibits; the court did not give any instructions on the law which could have been misinterpreted by the foreman to the jury; the jury was given what they said they wanted; and the exhibits sent to the jury room were innocuous. N.C.G.S. § 15A-1233(a).

**Am Jur 2d, Trial § 1665.**

Appeal by the State pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 114 N.C. App. 341, 442 S.E.2d 333 (1994), ordering a new trial on the defendant's conviction of first-degree kidnapping, and on discretionary review of a unanimous decision ordering a new trial on a conviction of second-degree rape at the 21 September 1992 Criminal Session of Superior Court, Guilford County, Cashwell, J., presiding. Heard in the Supreme Court 10 May 1995.

The defendant was tried for second-degree rape and first-degree kidnapping. The State's evidence showed that on 9 January 1992, the victim was a topless dancer at a nightclub in Greensboro. The defendant was in the club and talked to the victim. After the club had closed at 2:00 a.m., the victim was walking to her automobile when the defendant appeared from behind the victim, forced her behind a truck, and raped her.

The defendant testified that he was in the club and talked to the victim. She told him she would drive him home. He said he was very drunk when he left the club, and when he met the victim at her automobile, he was overcome with nausea. He went behind a truck

**STATE v. NELSON**

[341 N.C. 695 (1995)]

because he did not want the victim to see him be sick. The defendant testified the victim came to check on him and began to rub his back and shoulders. He then felt her rubbing his private parts, after which she unzipped his pants and attempted to have vaginal intercourse with him. He testified she began rubbing his penis against her vagina. He said, however, that "she never got it inside her vagina."

The defendant was found guilty of both charges. The Court of Appeals unanimously ordered a new trial on the conviction for rape and by a divided panel ordered a new trial on the kidnapping conviction. The State appealed on the kidnapping conviction as a matter of right, and we granted discretionary review as to the conviction for rape.

*Michael F. Easley, Attorney General, by William N. Farrell, Jr., Senior Deputy Attorney General, and Ellen B. Scouten, Assistant Attorney General, for the State-appellant.*

*Geoffrey C. Mangum for the defendant-appellee.*

WEBB, Justice.

[1] The defendant contends and the Court of Appeals held it was error not to submit to the jury the lesser included offense of attempted second-degree rape. The Court of Appeals, relying on *State v. Williams*, 314 N.C. 337, 333 S.E.2d 708 (1985), said the defendant's unequivocal denial that a penetration had occurred required the court to submit the lesser included offense to the jury.

We have held that a lesser offense should not be submitted to the jury if the evidence is sufficient to support a finding of all the elements of the greater offense, and there is no evidence to support a finding of the lesser offense. A denial by the defendant that he committed the crime is not sufficient to submit a lesser included offense. *State v. Strickland*, 307 N.C. 274, 298 S.E.2d 645 (1983).

> Where there is conflicting evidence as to an essential element of the crime charged, the court should instruct the jury with regard to any lesser included offense *supported by any version of the evidence.* If the lesser included offense is not supported by the evidence, it should not be submitted, regardless of conflicting evidence.

*State v. Jones*, 304 N.C. 323, 331, 283 S.E.2d 483, 488 (1981).

When the rule is applied in this case, we believe it was error for the Court of Appeals to hold the lesser included offense should have been submitted. The State submitted positive evidence of every element of the crime. The defendant testified that the event was consensual. This is not evidence of attempted rape. If the jury had believed the defendant's evidence, he would have been found not guilty. The defendant did not present evidence of a lesser included offense. If the lesser included offense of attempted second-degree rape had been submitted to the jury, the defendant could have been convicted of a crime which neither party's evidence would support.

The rule that a jury can believe all, part, or none of a party's evidence, *State v. Faircloth*, 297 N.C. 388, 255 S.E.2d 366 (1979), does not help the defendant. It does not apply when to let it do so could result in the jury's finding of guilt of a crime which is not supported by the evidence of either party.

We can understand why the Court of Appeals reached the result which it did. In *Williams*, 314 N.C. at 353, 333 S.E.2d at 719, we noted that had "the defendant unequivocally denied the essential element of penetration," the court should have submitted to the jury the lesser included offense of attempted rape. That language was appropriate in the context of that case but it is not applicable here.

We reverse the Court of Appeals on this issue.

[2] In its next argument, the State asserts that the Court of Appeals erred by determining that the court's meeting with the jury foreman out of the presence of the other eleven jurors constituted reversible error. During jury deliberations, the court made the following statement:

> [B]efore we bring the jury in, Ms.—the bailiff[,] brought me a note just a few moments ago, counsel, from the jury in which they've listed four things. It's kind of a cryptic note. It reads as follows: "One, photos. Two, underwear. Three, medical reports. Four, rose." And if counsel wishes to see the note—

After discussions with counsel for both parties, the court stated, "All right, in order to determine what underwear they're referring to, because they didn't tell me, I'm going to ask them to come out—I'll ask the foreperson only to come out." The foreman came to the jury box and engaged in the following colloquy:

**STATE v. NELSON**

[341 N.C. 695 (1995)]

THE COURT:—I want to just clarify one thing. . . . I have a note given me by the bailiff which lists four items that the jury wishes to see. One is photographs.

JUROR NO. 9:—Yes, sir.

THE COURT:—Two says underwear, three says medical reports, and four says rose.

JUROR NO. 9:—Yes.

THE COURT:—Do you—does the jury wish to see all of the photographs?

JUROR NO. 9:—I think they more meant the photographs that were laying [sic] out right in front of us just before we went in.

THE COURT:—Okay.

Mr. Cahoon and Mr. Panosh, I'm going to send back all of the photographs.

I don't know which ones were laying out there, but I'll let you have all of the photographs.

When you say "underwear," are you referring to a particular item?

JUROR NO. 9:—Ms. Shavers' underwear.

THE COURT:—The red —

JUROR NO. 9:—The red T-bar.

THE COURT:—You will be allowed to get that.

Medical reports, you're referring to all of the medical reports, that is, both the defendant's exhibits—and I don't know if the State had any marked or not.

MR. PANOSH:—Yes, sir.

THE COURT:—All of the reports referring to medical reports, is that correct?

JUROR NO. 9:—Yes. I polled the room asking individuals —

THE COURT:—Don't tell me that. Just tell me yes or no what you want. Just all the medical reports, too?

JUROR NO. 9:—Yes, sir.

THE COURT:—I'll give you that.

And the rose was the only other item?

JUROR NO. 9:—Yes, sir.

The court then asked counsel for both parties to go through the exhibits and collect those items requested by the jury, which they did. While counsel were selecting the exhibits, the court addressed the foreman, saying:

> I would ask you, of course, when these items are in the jury's possession back in the jury room, do not alter or change them in anyway. Don't make any marks on them. Don't do anything in that regard. You may examine them, but don't alter or change them in anyway, please.

After a brief discussion about how those items not enclosed in containers would be handled, the trial court made the following statement for the record:

> All right, let the record reflect that the items requested by the jury were given to the jury in open court by tendering them to the foreperson; that the defendant and his attorney and the State's attorney was [sic] present, and that this was done in accordance with the procedure suggested by Mr. Cahoon.

The defendant did not object to the action of the court. Although the State concedes that the failure to object does not prevent the defendant from appealing, *State v. Ashe*, 314 N.C. 28, 331 S.E.2d 652 (1985), it contends the defendant consented to this procedure and cannot now complain of it. It bases this argument on the fact that the defendant did not object when the court said it would ask only the foreman to return to the courtroom and the court's statement after it had sent the items to the jury room that it "was done in accordance with the procedure suggested by" defense counsel. This is not sufficient to show the defendant consented to the procedure. The matter is appealable.

[3] It was error not to require all the jurors to return to the courtroom for the questions in regard to the exhibits. N.C.G.S. § 15A-1233(a) (1988); *State v. Ashe*, 314 N.C. 28, 331 S.E.2d 652. The question is whether this was harmless error.

In *Ashe*, we held that the failure to require all jurors to return to the courtroom to ask a question of the court violates not only

N.C.G.S. § 15A-1233 but also the unanimous verdict requirement of Article I, Section 24 of the North Carolina Constitution. In *State v. Huff*, 325 N.C. 1, 381 S.E.2d 635 (1989), *vacated and remanded*, 497 U.S. 1021, 111 L. Ed. 2d 777 (1990), we held that in order to hold harmless an error based on a violation of the North Carolina Constitution, the State must show that the error was harmless beyond a reasonable doubt. An error is harmless beyond a reasonable doubt if it did not contribute to the defendant's conviction.

The State argues· that *State v. McLaughlin*, 320 N.C. 564, 359 S.E.2d 768 (1987), governs and under that case the harmless error test is found in N.C.G.S. § 15A-1443(a), which is whether "there is a reasonable possibility that had the error in question not been committed, a different result would have been reached." In *McLaughlin*, we explained that there was only a statutory and not a constitutional violation. For that reason, we applied the test of N.C.G.S. § 15A-1443(a). In this case, there is constitutional error and we must apply the test delineated in *Huff*.

We believe the State has carried its burden of showing the error was harmless beyond a reasonable doubt. All the exhibits which were given to the jury had been introduced into evidence. The court did not give any instructions to the foreman except not to alter or change the exhibits. The court did not give any instructions on the law which could have been misinterpreted by the foreman to the jury. The court questioned the foreman as to what exhibits the jury wanted. The jury was given what the foreman said they wanted. We do not see how this could have been misintrepreted by the jury.

The exhibits sent to the jury room were innocuous. The photographs were of the club and the scene where the alleged crimes occurred. They added nothing to the credibility of any of the witnesses. The underwear requested by the jury was the victim's "red T-bar." This was the victim's costume, which she wore while dancing. She was not wearing it when the incident in question occurred. It should not have influenced the jury. All the medical reports sent to the jury, except one page, were introduced at trial by the defendant. We do not see how the defendant was prejudiced by allowing the jury to see evidence he had introduced. The rose was a flower the victim carried from the club and dropped when the incident occurred. It should not have affected the reasoning of the jury.

We do not see how the error in not requiring all the jurors to be in the courtroom to ask for the exhibits contributed to the conviction of the defendant. The error was harmless beyond a reasonable doubt.

For the reasons stated in this opinion, we reverse the Court of Appeals and remand to that court for further remand to the Superior Court, Guilford County, for the reinstatement of its judgments.

REVERSED AND REMANDED.