STATE OF NORTH CAROLINA v. SHAWN DENEIL LEACH, DEFENDANT

No. COA03-1308

(Filed 2 November 2004)

## 1. Search and Seizure— motion to suppress—probable cause—reasonable suspicion—confidential informant

The trial court did not commit plain error in a trafficking in cocaine by possession and transportation, possession of a firearm by a felon, and felony speeding to elude arrest case by denying defendant's motion to suppress evidence of cocaine that defendant abandoned while running from the police after a high speed chase, because: (1) the police were alerted to a drug sale by an informant who had previously given information that led to an arrest and the confiscation of multiple kilograms of cocaine, and the officers reasonably relied on information provided by the informant which provided probable cause to stop and search defendant; and (2) the officers did not seize defendant until they actually detained him at the conclusion of a high speed chase since no seizure occurs until defendant is physically restrained.

## 2. Evidence— prior crimes or bad acts—cocaine trafficking

The trial court did not err in a trafficking in cocaine by possession and transportation, possession of a firearm by a felon, and felony speeding to elude arrest case by admitting evidence of defendant's prior convictions of cocaine trafficking, because N.C.G.S. § 14-415.1b provides that when a person is charged under the possession of a firearm by a felon statute, records of prior convictions of any offense shall be admissible in evidence for proving a violation of that section.

## 3. Firearms and Other Weapons— possession of firearm by felon—cocaine possession a felony

The trial court did not err by using defendant's prior cocaine possession convictions to charge him with possession of a firearm by a felon, because cocaine possession is a felony despite statutory references under N.C.G.S. § 90-95(d)(2) to it as a misdemeanor.

## 4. Firearms and Other Weapons— possession of firearm by felon—sufficiency of evidence

The trial court did not err in a possession of a firearm by a felon case by concluding that the evidence was sufficient to show

that defendant possessed a firearm, because: (1) the State's evidence tended to show that an officer saw an object coming out of the van which was controlled solely by defendant, and that sparks flew when the object hit the ground; and (2) a firearm was recovered within minutes from a nearby roadside.

**5. Drugs— trafficking in cocaine—failure to instruct on lesser-included offense**

The trial court did not err in a trafficking in cocaine by possession and by transportation case by failing to instruct the jury on the lesser-included offense of trafficking in 200-400 grams of cocaine, because the only forensic expert testified that 438.1 grams of cocaine was recovered by officers and there is no reasonable inference from this evidence that the quantity was as defendant argues.

**6. Criminal Law— instruction—reasonable doubt**

The trial court did not commit plain error in a trafficking in cocaine by possession and by transportation, possession of a firearm by a felon, and felony speeding to elude arrest case by its instruction on reasonable doubt, because the record reflected that the instruction accurately defined reasonable doubt.

**7. Constitutional Law— cruel and unusual punishment—consecutive sentences**

The trial court did not violate the Eighth Amendment prohibition against cruel and unusual punishment in a trafficking in cocaine by possession and by transportation, possession of a firearm by a felon, and felony speeding to elude arrest case by imposing consecutive sentences, because imposition of consecutive sentences standing alone does not constitute cruel and unusual punishment when all punishments were within the General Assembly's prescribed limits.

Appeal by defendant from judgment entered 21 November 2002 by Judge Peter M. McHugh in the Superior Court in Guilford County. Heard in the Court of Appeals 10 June 2004.

*Attorney General Roy Cooper, by Assistant Attorney General David N. Kirkman, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defenders Daniel R. Pollitt and Matthew D. Wunsche, for the defendant.*

STATE v. LEACH

[166 N.C. App. 711 (2004)]

HUDSON, Judge.

On 3 September 2002, the Grand Jury indicted the defendant on one count each of trafficking in cocaine by possession and by transportation, possession of a firearm by a felon, and felony speeding to elude arrest. Before trial, defendant moved to suppress evidence seized by police officers, which motion the trial court denied. The jury found defendant guilty on all charges. The trial court sentenced defendant to 17 to 21 months imprisonment on the firearm conviction, 12 to 15 months imprisonment on the eluding arrest conviction, and 175 to 219 months imprisonment on each of the trafficking convictions. Defendant appeals, and for the reasons set forth below, we find no error.

## BACKGROUND

On 8 July 2002, High Point Police Officers arrested a man ("the informant") on drug charges. The informant provided information about a drug deal that was to take place that evening, involving defendant. Based on this information, Greensboro and High Point police officers devised a plan to arrest defendant at one of two possible locations. The informant had previously given information to High Point police, which led to the seizure of multiple kilograms of cocaine.

After several telephone conversations between defendant and the informant, it was finally determined that the delivery of the cocaine would take place at 9:30 p.m. in the parking lot of Coliseum Billiards in Greensboro. The informant used both a wire and a cell phone to signal the police when defendant drove into the parking lot. Police officers quickly surrounded defendant's minivan, which the informant identified as one of three possible cars that defendant used, and identified themselves as police officers.

Defendant immediately backed away over a curb and led the police on a high speed chase for nearly thirty miles into Randolph County. While pursuing the defendant, police officers recovered a firearm in a residential neighborhood in the same area where an unknown object was thrown from the minivan that produced sparks when it hit the pavement.

Defendant attempted to flee on foot after he drove into a ditch at a rural intersection. Nearing a pond, defendant fell and threw a white plastic bag toward the water. Police apprehended the defendant and recovered the plastic bag, which was determined to contain cocaine.

STATE v. LEACH

[166 N.C. App. 711 (2004)]

Analysis

I.

[1] Defendant first argues that the trial court erred by denying his motion to suppress certain evidence, contending that the items were seized without probable cause or reasonable suspicion, and thus in violation of his Fourth Amendment rights. For the following reasons, we disagree and overrule this assignment of error.

Our Courts have consistently held that "[a] motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial." *State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d 824, 845, *cert. denied*, 516 U.S. 884, 133 L. Ed. 2d 153 (1995)).[1] Rulings on motions *in limine* are preliminary in nature and subject to change at trial, depending on the evidence offered, and "thus an objection to an order granting or denying the motion 'is insufficient to preserve for appeal the question of the admissibility of evidence.' " *T&T Development Co. v. Southern Nat. Bank of S.C.*, 125 N.C. App. 600, 602, 481 S.E.2d 347, 349, *disc. review denied*, 346 N.C. 185, 486 S.E.2d 219 (1997) (*quoting Conaway*, 339 N.C. at 521, 453 S.E.2d at 845).

Here, defendant assigned error and plain error to the denial of his motion to suppress, but failed to object to the admission of any of the items of evidence when offered at trial. Thus, we review only for plain error.

Our Courts have consistently held that:

[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is

---

1. This rule was changed by the legislature in 2003: "Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." N.C. Gen. Stat. § 8C-1, Rule 103 (2) (2003). However, the amendment applies only to rulings on evidence made on or after 1 October 2003. Session Laws 2003-101, s.1. Thus, it does not apply to this case.

such as to "seriously affect the fairness, integrity or public repu-
tation of judicial proceedings" or where it can be fairly said "the
instructional mistake had a probable impact on the jury's finding
that the defendant was guilty."

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting
*United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)).

Our standard of review in evaluating a trial court's ruling on a
suppression motion is well settled:

the trial court's findings of fact 'are conclusive on appeal if sup-
ported by competent evidence, even if the evidence is conflict-
ing.' This Court must not disturb the trial court's conclusions if
they are supported by the court's factual findings. However, the
trial court's conclusions of law are fully reviewable on appeal. At
a suppression hearing, conflicts in the evidence are to be
resolved by the trial court. The trial court must make findings of
fact resolving any material conflict in the evidence.

*State v. McArn*, 159 N.C. App. 209, 211-12, 582 S.E.2d 371 373-74
(2003) (internal citations omitted). However, where there is no ma-
terial conflict in the evidence presented at the suppression hearing,
specific findings of fact are not required. *State v. Parks*, 77 N.C. App.
778, 336 S.E.2d 424 (1985). In that event, the necessary findings are
implied from the admission of the challenged evidence. *State v.
Norman*, 100 N.C. App. 660, 397 S.E.2d 647 (1990).

Here, the trial court found that the evidence at the hearing was
uncontroverted, and thus made no findings of fact. Based upon the
evidence at the suppression hearing, the trial court ruled: (1) that
police officers had reasonable suspicion based upon information
obtained from a confidential informant to conduct an investigatory
stop of defendant, and, alternatively,(2) that despite attempts, police
officers did not stop, seize, arrest or search defendant or his property
"until defendant attempted to elude attempts of law enforcement offi-
cers to approach him, by committing in the presence of the officers at
least one felony offense."

"Probable cause exists when there is a reasonable ground of sus-
picion, supported by circumstances sufficiently strong in themselves
to warrant a cautious man in believing the accused to be guilty." *State
v. Joyner*, 301 N.C. 18, 21, 269 S.E.2d 125, 128 (1980) (quotations
omitted). In cases involving confidential informants, "probable cause

STATE v. LEACH

[166 N.C. App. 711 (2004)]

is determined using a totality-of-the-circumstances analysis which permits a balanced assessment of the relative weights of all the various indicia of reliability . . . attending an informant's tip." *State v. Holmes*, 142 N.C. App. 614, 621, 544 S.E.2d 18, 22 (2001) (quotations omitted). A known informant's information may establish probable cause based upon a reliable track record in assisting the police. *Alabama v. White*, 496 U.S. 325, 332, 110 L. Ed. 2d 301, 310 (1990); *see also State v. Riggs*, 328 N.C. 213, 219, 400 S.E.2d 429, 433 (1991).

Here, the police were alerted to a drug sale by an informant who had previously given information that led to an arrest and the confiscation of multiple kilograms of cocaine. The drug sale was to be between the informant and defendant. The informant described the defendant and his vehicle, accurately described when and where the defendant would arrive to deliver the cocaine to the informant, and made a contemporaneous identification as defendant pulled into the parking lot. The police officers reasonably relied on information provided them by the informant, which provided probable cause to stop and search defendant.

The trial court also concluded that officers did not seize defendant until they actually detained him at the conclusion of the high speed chase. Defendant, on the other hand, contends that the officers seized him in the Coliseum Billiards parking lot. Both rely on the United States Supreme Court's decision in *California v. Hodari*, 499 U.S. 621, 113 L. Ed. 2d 690 (1991).

In *Hodari*, the defendant fled as officers approached him, and warned him to stop. The officers chased the defendant on foot for several blocks, during which time he tossed away a substance later determined to be cocaine. The defendant was not physically detained until police officers ultimately caught and tackled him. The United States Supreme Court, in affirming the denial of the defendant's motion to suppress evidence, held that "assuming that [the officer's] pursuit in the present case constituted a 'show of authority' enjoining [the defendant] to halt, since [the defendant] did not comply with that injunction he was not seized until he was tackled. The cocaine abandoned while he was running was in this case not the fruit of a seizure . . . ." *Id.* at, 629, 113 L. Ed. 2d at 699.

Here, the facts are very similar to those in *Hodari*. When the defendant arrived for the drug sale, police officers, properly identifying themselves, attempted to stop him while he was in his vehicle.

Seeing the police surround his vehicle, defendant drove backwards over a curb and fled, leading police on a high speed police chase for over twenty-eight miles before he was ultimately detained. Here, as in *Hodari*, we conclude that "[t]he cocaine abandoned while [defendant] was running was in this case not the fruit of a seizure, and his motion to exclude evidence of it was properly denied." *Id.* The police had probable cause to initiate a stop but no seizure occurred until defendant was physically restrained. The trial court did not err in denying defendant's motion to suppress this evidence.

## II.

**[2]** Defendant next contends that the trial court erred in admitting evidence of defendant's prior convictions of cocaine trafficking. We disagree.

N.C. Gen. Stat. § 14-415.1b provides that "[w]hen a person is charged under this section, records of prior convictions of any offense, whether in the courts of this State, or in the courts of any other state of the United States, shall be admissible in evidence for the purpose of proving a violation of this section." Here, the plain language of the statute controls and the trial court properly admitted the prior convictions for proving possession of a firearm by a felon.

## III.

**[3]** Defendant next argues that his prior cocaine possession convictions could not be used to charge him with possession of a firearm by a felon. Defendant contends that possession of cocaine is a misdemeanor under N.C. Gen. Stat. § 90-95(d)(2), and thus does not support a conviction under N.C. Gen. Stat. 14-415.1(a). However, our Supreme Court has held that cocaine possession is a felony despite statutory references to it as a misdemeanor. *See State v. Jones*, 358 N.C. 473, 598 S.E.2d 125 (2004). Thus, defendant's prior possession convictions are sufficient to support his conviction, and we overrule this assignment of error.

**[4]** Defendant also contends that the evidence was insufficient to show that he possessed a firearm. However, the State's evidence did tend to show that one officer saw an object coming out of the van which was controlled solely by defendant, and that sparks flew when the object hit the ground. A firearm was recovered within minutes from a nearby roadside. In the light most favorable to the State, this evidence supports an inference that defendant possessed the firearm.

*State v. Patterson*, 335 N.C. 437, 450, 439 S.E.2d 578, 585 (1994). This assignment of error has no merit.

IV.

**[5]** Defendant next argues that the trial court erred by not instructing the jury on the lesser included offense of trafficking in 200-400 grams of cocaine. We disagree.

A defendant "is entitled to an instruction on a lesser included offenses if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *State v. Leazer*, 353 N.C. 234, 237, 539 S.E.2d 922, 924 (2000) (internal quotation marks and citations omitted). However, "a lesser offense should not be submitted to the jury if the evidence is sufficient to support a finding of all the elements of the greater offense, and there is no evidence to support a finding of the lesser offense." *State v. Nelson*, 341 N.C. 695, 697, 462 S.E.2d 225, 226 (1995).

Here, defendant contends that the bag containing the cocaine seized by police officers could have contained dirt or other debris, thus lessening the amount of actual cocaine in the bag and warranting the requested instruction. However, the only forensic expert testified that 438.1 grams of cocaine was recovered by police officers; we see no reasonable inference from this evidence that the quantity was as defendant argues. Thus, the trial court did not err in refusing to give the requested instruction. We overrule this assignment of error.

V.

**[6]** Defendant also contends that the trial court committed plain error in its instruction to the jury defining reasonable doubt. Although shorter and approved definitions are encouraged, our Supreme Court has held that a judge did not mislead or confuse the jury by giving instructions that began with ten things reasonable doubt was not, since he gave equal time to what did constitute reasonable doubt. *State v. Ward*, 286 N.C. 304, 310, 210 S.E.2d 407, 412 (1974), *death penalty vacated, Ward v. North Carolina*, 428 U.S. 903, 49 L. Ed. 2d 1207 (1976). Here, the record reflects that the instruction accurately defined reasonable doubt, if not in the clearest terms. We hold that there was no error.

VI.

**[7]** Finally, defendant argues that the consecutive sentences imposed here constitute cruel and unusual punishment despite the precedents

indicating otherwise. We are bound to follow the case law which specifically states the following:

> We first note our Supreme Court has held that the [Eighth Amendment's] prohibition against cruel and unusual punishment 'does not require strict proportionality between the crime and sentence . . . [but] forbids only extreme sentences that are 'grossly disproportionate' to the crime.' Indeed, the sentences imposed upon defendant, albeit consecutive, were within the presumptive statutory range authorized for her drug trafficking offenses under the Structured Sentencing Act.

*State v. Parker*, 137 N.C. App. 590, 603-04, 530 S.E.2d 297, 306 (2000) (internal citations omitted). *See also State v. Barts*, 316 N.C. 666, 697, 343 S.E.2d 828, 848 (1986) (concluding that "imposition of consecutive sentences, standing alone, does not constitute cruel and·unusual punishment" as all punishments were within the General Assembly's prescribed limits). The trial judge, therefore, did not err or violate the Eighth Amendment in imposing these consecutive sentences.

No error.

Judges GEER and THORNBURG concur.