STATE OF NORTH CAROLINA v. MICHAEL EUGENE PRICE

No. COA09-336

(Filed 17 November 2009)

**1. Appeal and Error— preservation of issues—constitutional issues—not raised at trial**

Defendants waived constitutional issues involving a juror with reservations about the law by not raising them at trial.

**2. Constitutional Law— right to unanimous jury—investigation of individual juror denied**

Even if defendant had properly preserved the issue for appeal, the trial court did not abuse its discretion by deciding against conducting an investigation with an individual juror who expressed a reluctance to follow the law after deliberations began. Such an action would have resulted in a violation of defendant's right to a unanimous jury.

**3. Criminal Law— *Allen* charge—additional language**

The trial court did not err when giving an *Allen* charge by instructing the jury that it was their duty to do whatever they could to reach a verdict.

Appeal by defendant from judgments entered 14 November 2008 by the Honorable Ronald K. Payne in Jackson County Superior Court. Heard in the Court of Appeals 16 September 2009.

**STATE v. PRICE**

[201 N.C. App. 153 (2009)]

*Attorney General, Roy Cooper, by Assistant Attorney General Harriet F. Worley, for the State.*

*Appellate Defender, Staples Hughes, by Assistant Appellate Defender Charlesena Elliott Walker, for defendant-appellant.*

STEELMAN, Judge.

Where the defendant failed to object to the trial court's decision not to investigate juror competency, the issue is not preserved for appellate review. The trial court did not err by including in an *Allen* charge the admonition that it was the duty of the jury to do whatever they could to reach a verdict.

## I. Factual and Procedural Background

On the night of 25 March 2008, Lisa Carter ("Carter") was awakened by an intruder who covered her face and mouth. A struggle ensued in which Carter passed in and out of consciousness before totally losing consciousness. Carter woke to find herself naked and tied with duct tape and extension cords. By chewing through the tape, she was eventually able to free herself. Her bedroom was in complete disorder with human fecal matter on the bed and floor. At the entrance to her apartment, the security chain on the door had been cut. Carter's purse was also missing.

Carter drove to the home of a friend who contacted emergency services. She was taken to the local hospital and treated for pain and nausea, along with scratches upon her limbs and back.

Carter and defendant had been involved in a romantic relationship at various intervals for a period in excess of one year. Weeks before this incident, the couple broke up once again. As a result of defendant's persistence, Carter attempted to avoid all contact and changed her telephone number on more than one occasion. On the evening of 25 March 2008, Carter spoke to defendant via a pay phone and asked him to leave her alone. Carter's missing purse was found in the woods near the apartment where defendant lived at the time of the crimes.

On 28 July 2008, defendant was indicted on one count of first degree burglary, one count of first degree kidnapping, one count of common law robbery, and one count of assault on a female. The jury returned guilty verdicts on the charges of first degree kidnapping, misdemeanor breaking and entering, common law robbery, and assault on a female on 14 November 2008. Defendant was sentenced

STATE v. PRICE

[201 N.C. App. 153 (2009)]

to an active prison term of 73 to 97 months for his kidnapping conviction. The trial court imposed a suspended sentence of 13 to 16 months for the common law robbery conviction and placed defendant on 36 months supervised probation, to commence at the expiration of defendant's active prison term. The convictions of assault on a female and misdemeanor breaking and entering were consolidated for judgment and defendant was sentenced to 75 days incarceration. This sentence was suspended and defendant was placed on probation to commence at the expiration of his active prison term. Defendant was required to pay restitution and attorney's fees as conditions of his probation. Defendant appeals.

## II. Juror Competency

[1] In his first argument, defendant contends the trial court erred by failing to *ex mero motu* investigate the competency of a juror. We disagree.

During jury deliberations, at 12:15 p.m., the trial court received a hand-written note from a juror. The note stated the juror could not "convict a person on circumstantial evidence alone." Judge Payne advised counsel of the contents of the note, and then stated:

> I'm going to tell [the jury] that the law does not require for anyone to be convicted of any crime, that there be direct proof. The law permits a person be convicted on circumstantial evidence. However, the fact that the law allows someone to be convicted on circumstantial evidence does not mean that a juror is compelled to find someone guilty based on circumstantial evidence.

Counsel for the defendant requested that the court reread the portion of jury instructions relating to direct and circumstantial evidence. The trial court denied that request, stating the jury did not ask for such clarification. In addition, Judge Payne stated: "I'm going to reiterate what a reasonable doubt is out of State versus Connor and tell them to continue . . . If you all can think of anything else, I'll do it at that time." Defendant objected to the proposed instruction on reasonable doubt. The trial court instructed the jury and directed them to resume deliberations.

Approximately forty minutes later, the trial court received a second jury note in which a juror stated: "[I] cannot apply the law as explained by the judge's case. I request to be removed from the jury. I would be willing to discuss my concerns with the court." Judge Payne promptly informed the parties and advised that he intended to

bring the jury into the courtroom and tell them that the law prohibits removing and replacing a juror once deliberations begin. The jury would then be released to go to lunch. After the lunch recess, the trial court proposed to deliver an *Allen* charge[1] to the jury. Counsel for defendant objected to the portion of North Carolina Pattern Jury Instruction 101.40 which read "it is your duty to do whatever you can to reach a verdict."

Defendant argues the trial court should have made an inquiry into the reason one juror said she could not apply the law. Defendant further asserts that this failure violated his constitutional rights of due process, a fair trial, and constituted an abuse of discretion by the trial court.

Defendant failed to raise these alleged constitutional issues before the trial court, and waived these arguments, which cannot be raised for the first time on appeal. *State v. Mitchell*, 317 N.C. 661, 669, 346 S.E.2d 458, 462 (1986); *Wilcox v. Highway Comm.*, 279 N.C. 185, 187, 181 S.E.2d 435, 437 (1971).

Under N.C. R. App. P. 10(a)(1), "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make." *See also Hill v. Hill*, 173 N.C. App. 309, 321, 622 S.E.2d 503, 512 (2005), *disc. review denied and appeal dismissed*, 360 N.C. 363, 629 S.E.2d 852 (2006). Having made no timely request, objection or motion on record that the trial court conduct an investigation with an individual juror, defendant failed to preserve this matter for appeal. This argument is dismissed.

[2] Even assuming *arguendo* that this appeal was properly preserved, defendant has a very high burden to overcome. The trial judge's authority to regulate the composition of the jury continues beyond empanelment. *State v. Kirkman*, 293 N.C. 447, 454, 238 S.E.2d 456, 460 (1977). Our standard of review on appeal in such matters is abuse of discretion, and the trial court's decision will be upheld unless defendant can show the ruling to be "so arbitrary that it could not have been the result of a reasoned decision." *State v. Allen*, 322 N.C. 176, 189, 367 S.E.2d 626, 633 (1988).

---

1. The *Allen* instruction is a supplemental instruction that is designed to encourage a deadlocked jury to continue deliberations in an attempt to reach a unanimous verdict. *See Allen v. United States*, 164 U.S. 492, 501-02, 41 L. Ed. 2d 528, 530-31. (1896).

In *State v. Coleman*, 161 N.C. App. 224, 228, 587 S.E.2d 889, 893 (2003), the trial court received a note from the jury stating that one juror was "not following the law" and should be replaced. The trial court advised the jury that a "juror could not be replaced and instructed the jury as to its duty to follow the law." *Id.* In *Coleman*, we concluded the trial court was not required to perform additional investigation as to the competency of the jury. *Id.* at 229, 587 S.E.2d at 893.

In *State v. Nelson*, 341 N.C. 695, 698-700, 462 S.E.2d 225, 226-27 (1995), the trial court performed an investigation similar to the one now demanded by defendant. In *Nelson*, the judge summoned only the foreperson, asked him questions, and instructed the foreperson not to tamper with evidence in the jury room. *Id.* This practice is recognized as "ill-advised" and "disapproved." *State v. Tate*, 294 N.C. 189, 198, 239 S.E.2d 821, 827 (1978). Citing the *Nelson* case, our Supreme Court stated in *State v. Wilson*, "[I]t is well established that for the trial court to provide explanatory instructions to less than the entire jury violates the defendant's constitutional right to a unanimous jury verdict." —— N.C. ——, ——, 681 S.E.2d 325, 329 (2009).

In his discretion, Judge Payne elected not to conduct an investigation with an individual juror as now posited by defendant. To do so would have resulted in the questioning of a single juror outside the presence of the entire panel. Such action would have resulted in the violation of defendant's constitutional right to a unanimous jury verdict under *Wilson*. We discern no abuse of discretion in Judge Payne's handling of this matter.

### III. *Allen* Charge

**[3]** In his second argument, defendant contends the trial court committed reversible error by instructing the jury that "it was [their] duty to do whatever [they] could to reach a verdict." We disagree.

In *Allen v. United States*, the United States Supreme Court upheld a supplemental instruction given to a deadlocked jury that urged jurors to reconsider their opinions and continue deliberation. 164 U.S. at 501-02, 41 L. Ed. 2d at 530-31. Noting that the *Allen* instruction, contained in North Carolina Pattern Jury Instruction 101.40, has been "approved time again," the trial court instructed the jury as follows:

Now so far I understand you folks have been unable to agree upon a verdict. I want to emphasize to you the fact that it is your

duty to do whatever you can to reach a verdict. You should reason the matter over together as reasonable men and women and to reconcile your differences, if you can, without the surrender of conscientious convictions, but no juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of his or her fellow jurors or for the mere purpose of returning a verdict. I will now let you return to the jury room and resume your deliberations and see if you can reach a verdict.

Following the reading of the *Allen* charge, defendant renewed his objection to the "whatever you can" language. This issue is thus properly preserved for appellate review.

In *State v. Jones*, 342 N.C. 457, 468, 466 S.E.2d 696, 701, *cert. denied*, 518 U.S. 1010, 135 L. Ed. 2d 1058 (1996), the defendant argued the jury instruction "[t]he Court wants to emphasize the fact that it is your duty to do whatever you can to reach a verdict" was not authorized under N.C. Gen. Stat. § 15A-1235(b)(1). N.C. Gen. Stat. § 15A-1235(b)(1) states: "Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment." N.C. Gen. Stat. § 15A-1235(b)(1) (2007). Our Supreme Court found this distinction inconsequential and overruled the assignment of error, approving the language of the *Allen* instruction. *Jones*, 342 N.C. at 468, 466 S.E.2d at 701. *See also State v. Forrest*, 321 N.C. 186, 198-99, 362 S.E.2d 252, 259 (1987); *State v. Bussey*, 321 N.C. 92, 97, 361 S.E.2d 564, 567 (1987).

The decision of the trial court to provide the additional *Allen* instruction was not error. This argument is without merit.

Defendant failed to argue his remaining assignments of error and they are deemed abandoned. N.C.R. App. P. 28(b)(6).

NO ERROR.

Judges McGEE and JACKSON concur.