STATE OF NORTH CAROLINA v. RODERICK MAURICE CROWELL, DEFENDANT

No. COA09-635

(Filed 1 June 2010)

**Search and Seizure— motion to suppress—informant's tip—reasonable suspicion—investigatory stop**

The trial court did not err in a trafficking in cocaine by possession and possession of a firearm by a felon case by denying defendant's motion to suppress the evidence obtained by officers from the stop of his vehicle based on an informant's tip. The police chief had known the informant personally for thirteen years, and he was able to confirm with the county drug task force that the informant's previous information was reliable and had resulted in an arrest. The totality of circumstances gave the officers a reasonable articulable suspicion that defendant was transporting drugs, and thus probable cause to arrest and search defendant's vehicle.

Appeal by defendant from judgment entered 16 October 2008 by Judge James F. Ammons, Jr., in Johnston County Superior Court. Heard in the Court of Appeals 28 October 2009.

*Faith S. Bushnaq for defendant.*

*Attorney General Roy Cooper, by Assistant Attorney General J. Allen Jernigan, for the State.*

ELMORE, Judge.

Roderick Crowell (defendant) pled guilty to one count of trafficking in cocaine by possession and one count of possession of a firearm by a felon. This appeal arises from the denial of defendant's motion to suppress the evidence obtained by police officers from the stop of his vehicle.

The evidence at the motion to suppress hearing tended to show the following: On 29 February 2008, Chief Kenneth Edwards of the Benson Police Department received a phone call from a confidential informant concerning defendant. The informant stated that a black male would arrive at a carwash on Highway 301 in Benson just a few minutes after the phone call, that the man would be driving a black Lexus SUV, and that the man was in possession of cocaine. The informant indicated to Chief Edwards that he had seen the cocaine.

Chief Edwards had known the informant for thirteen years, since the informant was a child, and he knew his mother and other family members. Additionally, a month before the events at hand, the informant had provided information to Chief Edwards about illegal drug activity that had proved reliable and resulted in an arrest by the Johnston County Drug Force.[1]

Upon receiving the informant's phone call, Chief Edwards and three other officers immediately went to the carwash, set up surveillance, and waited for the black SUV to arrive. Fifteen minutes after the informant's phone call, a black Lexus SUV pulled into the carwash and parked. The informant was also at the carwash, and he called Chief Edwards to confirm that the black Lexus SUV was the correct one and that defendant was the driver. After being parked for two minutes with no one exiting the vehicle, the SUV left the carwash traveling north on Highway 301. Chief Edwards directed Sergeant Danny Lucas, who was in another car, to stop the vehicle for further investigation.

Sergeant Lucas and Officer Michael Smith pulled over the SUV. Officer Smith asked the driver for his license; the name on the license

---

1. The tip concerned activity outside of Benson, and was therefore not acted upon by Chief Edwards himself, but rather passed on to the Johnston County Drug Force. Those officers informed Chief Edwards that the tip had proven reliable.

STATE v. CROWELL

[204 N.C. App. 362 (2010)]

was Roderick Crowell. After telling defendant that he was suspected of possessing illegal narcotics, Officer Smith asked if there were any guns or drugs in the vehicle. Defendant replied there were not, and, upon Officer Smith's request, defendant gave his consent to search the vehicle. Officer Smith asked defendant to step out of the vehicle; he then performed a protective pat down of defendant, but found no weapon. During these interactions, Officer Smith noticed that defendant seemed to adjust the front of his pants a few times. Then, while Chief Edwards was speaking with defendant, he saw a clear plastic bag filled with white powder that appeared to be cocaine fall down defendant's pant leg and out by his feet. Chief Edwards patted defendant down again and found another bag of cocaine in defendant's pants. Officer Smith then placed defendant under arrest. Upon searching the vehicle after the arrest, Officer Smith found a loaded gun and electronic scales.

Following the trial court's denial of his motion to suppress all evidence seized from the stop of the vehicle, defendant reserved his right to appeal the ruling and pled guilty to the charges. Defendant argues that the trial court erred in denying his motion to suppress because his constitutional rights were violated by the illegal stopping of his vehicle—specifically, that the informant's tip was too vague to support a reasonable suspicion to stop defendant's vehicle. We disagree.

"The standard of review in evaluating a trial court's ruling on a motion to suppress is that the trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *State v. Smith*, 160 N.C. App. 107, 114, 584 S.E.2d 830, 835 (2003) (quotations and citation omitted). Where the trial court's conclusions of law are supported by its factual findings, this Court will not disturb those conclusions. *State v. Logner*, 148 N.C. App. 135, 138, 557 S.E.2d 191, 193-94 (2001).

Defendant failed to assign error to any findings of fact; therefore, our review is limited to deciding whether the trial court's findings of fact support its conclusions of law. *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 235, 506 S.E.2d 754, 758 (1998) (holding that if appellant fails to assign error to findings of fact, those findings are "presumed to be correct"); *Okwara v. Dillard Dep't Stores, Inc.*, 136 N.C. App. 587, 591-92, 525 S.E.2d 481, 484 (2000).

Defendant argues that the investigative stop of his vehicle violated his constitutional rights under the Fourth Amendment of the

United States Constitution and Article I of the North Carolina Constitution. Specifically, defendant argues that the informant's tip lacked sufficient reliability and specificity to constitute reasonable suspicion to stop defendant. We disagree.

The Fourth Amendment of the United States Constitution and Article I, Section 20, of the North Carolina Constitution prohibit unreasonable searches and seizures. U.S. Const. amend. IV; N.C. Const. art. 1, § 20. These constitutional limitations apply to "brief investigatory detentions such as those involved in the stopping of a vehicle." *State v. Watkins*, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994) (citation omitted). Only unreasonable investigatory stops are unconstitutional. *Terry v. Ohio*, 392 U.S. 1, 9, 20 L. Ed. 2d 889, 899 (1968).

"A warrantless search may be conducted incident to a lawful arrest if probable cause to arrest exists prior to the search and the arrest is permitted by law." *State v. Collins*, 160 N.C. App. 310, 314, 585 S.E.2d 481, 485 (2003) (citation omitted). When an informant's tip is involved, whether the tip constituted probable cause for the search is evaluated by a totality of the circumstances test. *Id.* at 314-15, 585 S.E.2d at 485 (establishing totality of the circumstances as the test under North Carolina Constitution); *see also Illinois v. Gates*, 462 U.S. 213, 233, 76 L. Ed. 2d 527, 545 (1983) (setting out the same test for the United States Constitution). Specifically, the reliability of that tip must be weighed. *State v. Chadwick*, 149 N.C. App. 200, 203, 560 S.E.2d 207, 209 (2002). "[I]ndicia of reliability may include (1) whether the informant was known or anonymous, (2) the informant's history of reliability, and (3) whether information provided by the informant could be and was independently corroborated by the police." *Collins*, 160 N.C. App. at 315, 585 S.E.2d at 485. Further, "[t]he fact that statements from the informants in the past had led to arrests is sufficient to show the reliability of the informants." *State v. Arrington*, 311 N.C. 633, 642, 319 S.E.2d 254, 260 (1984) (citing *State v. Hayes*, 291 N.C. 293, 230 S.E.2d 146 (1976)).

In the present case, defendant first argues that none of the officers had an independent basis upon which to classify the informant as reliable. Defendant directs us to *State v. Hughes*, where one detective told another about a tip that he had received from "a confidential and reliable informant." 353 N.C. 200, 204, 539 S.E.2d 625, 628 (2000). The arresting detective knew nothing about the informant except for a "conclusory statement [from a captain at a neighboring police department] that the informant was confidential and reliable[,]" and there were no other indications of reliability. *Id.* at 204, 539 S.E.2d at

629. The Supreme Court held that "[s]ome objective proof as to why this informant was reliable and credible" other than a statement passed through intermediaries "must support [the officers'] decision to conduct a search." *Id.* at 204, 539 S.E.2d at 628-29. In contrast, Chief Edwards had known the informant for thirteen years, including as a child; he knew that the informant had provided previous information about illegal drug activity that had yielded an arrest about a month before. Chief Edwards's familiarity with the informant weighs in favor of the informant's reliability.

Second, defendant argues that the informant's tip should be analyzed as an anonymous tip, meaning it would require "corroboration by the police" of the information supplied in order to be deemed reliable. *Id.* at 205, 539 S.E.2d at 629. In support of this argument, defendant points to the informant's actions not being against penal interest and the money earned for assisting the police. However, the anonymous tip standard is appropriate only for informants who are indeed anonymous, not an informant known personally by the investigating officer, and who has provided accurate information in the past that the officer knows has led to an arrest. *See id.* at 204, 539 S.E.2d at 629. Here, Chief Edwards had known the informant personally for thirteen years, and he was able to confirm with the Johnston County Drug Task Force that the informant's previous information was reliable and had resulted in an arrest. Therefore, we decline to analyze this case under the standard for anonymous informants.

Third, defendant argues that nothing in the record indicates that the informant had any basis to know about the contraband about which he told officers. Defendant argues that there was "no evidence as to the basis for the informant's knowledge," such as how the informant came by the information or that the informant "was considered to have knowledge of ongoing criminal activity." Though this was an essential factor under a previous test, this factor is not determinative in the totality of circumstances test. *Arrington*, 311 N.C. at 638, 319 S.E.2d at 257-58. This informant was able to provide "detailed information of the future action of third parties ordinarily not easily predicted[,]" a circumstance that strongly supports the tip's reliability. *State v. Trapp*, 110 N.C. App. 584, 591, 430 S.E.2d 484, 488 (1993); *see also Alabama v. White*, 496 U.S. 325, 332, 110 L. Ed. 2d 301, 310 (1990) (holding that a tip is more reliable when it contains such information and, "[w]hen significant aspects of the caller's predictions [are] verified, there [is] reason to believe not only that the caller was honest but also that he was well informed, at least well enough to justify the

stop"). Here, informant's tip provided specific information about defendant's future actions, including correctly predicting his mode of transportation, his destination, and his time of arrival. This information, after it was corroborated by the police, sufficiently demonstrated that the informant had inside knowledge about the suspect, giving them reasonable suspicion to believe that the rest of his tip, concerning defendant's transportation of cocaine, was also accurate.

Finally, we agree with the State that the case at hand shares a number of features with *State v. Leach*, 166 N.C. App. 711, 603 S.E.2d 831 (2004), where this Court found that probable cause existed where the evidence tended to show the following facts:

> the police were alerted to a drug sale by an informant who had previously given information that led to an arrest and the confiscation of multiple kilograms of cocaine. . . . The informant described the defendant and his vehicle, accurately described when and where the defendant would arrive to deliver the cocaine to the informant, and made a contemporaneous identification as defendant pulled into the parking lot.

*Id.* at 716, 603 S.E.2d at 835. This Court concluded that "[t]he police officers reasonably relied on information provided them by the informant, which provided probable cause to stop and search defendant." *Id.* Likewise, in the present case, Chief Edwards received a tip from an informant who had previously given information that led to an arrest; the informant was able to give police a description of defendant's vehicle and the time defendant would arrive at a specified location; and the informant was able to make a contemporaneous identification as defendant arrived at the location. This Court found that the facts in *Leach* gave rise to probable cause to stop and search the defendant; we find the same to be true here.

Here, officers had a reasonable articulable suspicion that defendant was involved in illegal activity at the time they stopped his vehicle for an investigative stop. The evidence shows: (1) a confidential informant who had previously provided reliable information told police that defendant would be transporting cocaine that day and described the specific vehicle defendant would be driving; (2) the informant indicated to police that he had seen cocaine in defendant's possession; (3) a car matching the informant's description arrived at the designated location at the approximate time indicated by the informant; and (4) the informant, waiting at the specified location, called police to confirm that the driver of the vehicle was

defendant. The totality of the circumstances gave the officers a reasonable articulable suspicion that defendant was transporting drugs, and thus probable cause to arrest and search defendant's car. Therefore, we hold that the vehicle stop did not violate defendant's federal or state constitutional rights. The trial court's denial of the motion to suppress was proper, and we therefore affirm the order of the trial court.

Affirmed.

Judges STEELMAN and HUNTER, JR., Robert N., concur.