STATE OF NORTH CAROLINA v. FRANK TAYLOR, Defendant

No. COA07-1398

(Filed 5 August 2008)

**Search and Seizure— multiple dwellings on one property— warrant not sufficiently specific**

The trial court correctly granted a motion to suppress cocaine and drug paraphernalia seized pursuant to a search warrant which described two dwellings on the property to be searched and the purchase of a controlled substance at that location by a confidential informant. When there are two dwellings described under a single address and in the absence of allegations about the target of the investigation, the supporting affidavit must allege facts sufficient to establish probable cause to search either or both buildings.

Appeal by the State of North Carolina from judgment entered 14 August 2007 by Judge Gregory A. Weeks in Sampson County Superior Court. Heard in the Court of Appeals 9 June 2008.

*Roy Cooper, Attorney General, by William B. Crumpler, Assistant Attorney General, and Derrick C. Mertz, Assistant Attorney General, for the State.*

*Glover & Petersen, P.A., by James R. Glover, for defendant-appellee.*

MARTIN, Chief Judge.

On 2 August 2006, the Sampson County Sheriff's Office began an investigation into activities at 3095 Brewer Road in Faison, North Carolina, after receiving a number of complaints about drug deals on the property. Between 2 August 2006 and 27 September 2006, a confidential informant ("CI") made six controlled purchases of cocaine under the supervision of Special Agent Kevin Perry of the Sampson County Sheriff's Office at the above address. Based on those purchases, Special Agent Perry submitted a search warrant application to a Sampson County magistrate, who issued a search warrant on 27 September 2006.

The search warrant application described two dwellings on the property to be searched: a "tan single wide mobile home located at 3095 Brewer Rd. Faison, NC 28341 and the single story wood frame house that is located directly behind the mobile home." The application further stated that the CI had "visited the described location at the direction and surveillance of this Applicant and while at the location . . . made a purchase of the controlled substance." The application did not identify the owner or the occupant of either dwelling. Additionally, Special Agent Perry stated in his affidavit that he had been a law enforcement officer for two years and that he found this CI to be reliable in the past. The warrant was executed on 28 September 2006, and defendant was found asleep in the single story wood frame house which contained cocaine and drug paraphernalia. Defendant was arrested and charged with possession of cocaine, maintaining a dwelling to keep controlled substances, possession of a firearm by a felon, and possession of drug paraphernalia.

On 24 April 2007, defendant filed a pretrial motion to suppress all evidence obtained as a result of the search. A hearing on the motion was held on 4 June 2007 in Sampson County Superior Court. At the hearing, defendant argued that the affidavit supporting the warrant application was insufficient to establish probable cause to search both residences at 3095 Brewer Road. On 9 August 2007, the trial court granted defendant's motion to suppress.

The trial court found that the affidavit supporting the warrant application was silent regarding where *specifically* on the premises and from whom the CI made the controlled purchases. Further, the trial court found that the affidavit lacked any facts regarding whether Special Agent Perry observed the CI enter either the mobile home or the wood frame house to make the controlled purchases of

cocaine. Based on those findings, the trial court concluded that the affidavit did not "implicate either of the described premises and there [was] nothing to implicate a particular person or persons connected to those premises." The State gave timely notice of appeal from the order.

The State's sole argument on appeal is that the trial court erred in granting defendant's motion to suppress evidence seized during the search of the premises. The State contends the affidavit accompanying the search warrant application contained allegations of fact which were sufficient to establish probable cause for the search warrant. We disagree.

On appeal, the State assigned error to several of the trial court's conclusions of law but none of its findings of fact. When a trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are therefore binding. *See State v. Roberson*, 163 N.C. App. 129, 132, 592 S.E.2d 733, 735-36 (2004). Thus, the appellate court must review the trial court's order only to determine whether the findings of fact support the legal conclusions. *See id.*

N.C.G.S. § 15A-244 requires that an application for a search warrant must contain (1) a probable cause statement that the items will be found in the place described, and (2) factual allegations supporting the probable cause statement. *See* N.C. Gen. Stat. § 15A-244(2), (3) (2007). Further, "[t]he statements must be supported by one or more affidavits *particularly setting forth the facts and circumstances establishing probable cause* to believe that the items are in the places or in the possession of the individuals to be searched." N.C. Gen. Stat. § 15A-244(3) (emphasis added).

Our Supreme Court has adopted a totality of the circumstances test for magistrates to determine whether probable cause exists in a search warrant application. *See State v. Arrington*, 311 N.C. 633, 641, 319 S.E.2d 254, 259 (1984). Under the totality of the circumstances test, the magistrate must make a "practical, common sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 638, 319 S.E.2d at 257-58 (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548 (1983)). The supporting affidavit is sufficient if it supplies reasonable cause to believe that the proposed search of the premises probably will reveal the presence of the items sought upon those

premises. *See id.* at 636, 319 S.E.2d at 256 (citing *State v. Riddick*, 291 N.C. 399, 230 S.E.2d 506 (1976)). Accordingly, "the duty of the reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing] that probable cause existed.' " *Id.* at 638, 319 S.E.2d at 258 (alteration in original) (quoting *Gates*, 462 U.S. at 238-39, 76 L. Ed. 2d at 548).

Courts have looked to a number of factors in determining whether the magistrate had a substantial basis for finding probable cause. One factor is whether the magistrate made reasonable inferences based on his experience, " 'particularly when coupled with common or specialized experience.' " *State v. Sinapi*, 359 N.C. 394, 399, 610 S.E.2d 362, 366 (2005) (quoting *State v. Riggs*, 328 N.C. 213, 221, 400 S.E.2d 429, 434 (1991)). This Court has also found a substantial basis when an investigating officer's supporting affidavit contained factual allegations that he conducted surveillance of "defendant's house, [and] he saw many people visiting the house for a short time and witnessed several hand-to-hand transactions between defendant and visitors to his house." *State v. Stokley*, 184 N.C. App. 336, 341, 646 S.E.2d 640, 644 (2007). Additionally, the procedure followed for a controlled purchase by a CI and alleged in sufficient detail has been deemed to provide a substantial basis to support an officer's affidavit. *See State v. Johnson*, 143 N.C. App. 307, 311, 547 S.E.2d 445, 448 (2001). In *Johnson*, a controlled purchase was defined as

> [a CI] being searched prior to entering a location by an officer to verify that no controlled substances, weapons, or currency [were] in his or her possession. The [CI was] observed going into, entering, exiting, and coming back to the target location by a surveillance officer. The controlled substances [were] then transferred to the officer by the [CI], and the [CI was] once again searched for contraband.

*Id.* at 311 n.2, 547 S.E.2d at 448, n.2.

Here, no facts were alleged in the affidavit that particularly set forth where on the premises the drug deals occurred. The affidavit merely stated that the CI "had visited *the described location*" and made controlled purchases of cocaine "while *at the location*," without particularly stating which, if any, of the two dwellings he entered to make the purchases. There were also no facts alleged in the affidavit that identified the defendant as the owner of either residence. Additionally, Special Agent Perry had only been working in law

enforcement for two years at the time he applied for the search warrant. He also failed to include facts regarding whether he observed the transactions between the CI and the seller himself, and did not establish the identity of the seller of the cocaine as defendant. Finally, Special Agent Perry's affidavit failed to identify the Sampson County Sheriff's Office procedure for controlled purchases of controlled substances and was silent as to whether he followed that procedure with the CI. Special Agent Perry merely stated that the CI had been proven reliable *in the past* by following the controlled purchase procedure, but did not allege that the procedure was followed *in the present investigation,* alleging only that "while at the location the [CI] made a purchase of the controlled substance. Immediately after leaving the location, the [CI] met with the applicant and turned over the controlled substance."

In support of its argument, the State misapplies the holding of *State v. Riggs,* 328 N.C. 213, 400 S.E.2d 429 (1991), to the facts of the present case. In *Riggs,* our Supreme Court held that factual allegations that drug deals took place on defendant's driveway established probable cause to search defendant's house. *See id.* at 220-21, 400 S.E.2d at 434. The Court found that the CI provided particular facts regarding the procedure used to transact the drug deals, specifically that the CI waited on the driveway while someone would go into the house and return with the drugs, which established a reasonable inference between the driveway and drugs in the residence. *See id.* at 221, 400 S.E.2d at 434.

However, unlike the premises in *Riggs* where there was only one dwelling to be searched, here there were two dwellings listed in the search warrant application. Therefore, the Court's reasoning about the inference between the driveway and the drugs in the residence in *Riggs* is not analagous to the facts of this case. Further, the *Riggs* affidavit particularly stated facts that the drug deals occurred on the driveway of the house. *Id.* at 215, 400 S.E.2d at 430-31. Those facts led the magistrate to the inference that drug deals on defendant's driveway would probably lead to drugs inside the house. *See id.* at 215, 400 S.E.2d at 431. Conversely, in the present case, no facts were alleged that particularly stated whether the drug deals occurred in either the mobile home or the wood frame house, or led to an inference that drugs would probably be found in the wood frame house.

Other jurisdictions that have dealt with this issue are in accord with our decision. The Seventh Circuit has held that searching two or

more apartments in the same building is the same as searching two or more separate houses and, therefore, probable cause must be established for each residence. *See United States v. Hinton*, 219 F.2d 324, 325-26 (7th Cir. 1955). An exception to this requirement is recognized where the separate dwellings are under the dominion or control of the target of the investigation. *Figert v. State*, 686 N.E.2d 827, 830 (Ind. 1997). However, in the absence of allegations about the target of the investigation, when there are two dwellings described under a single address, in order for the supporting affidavit to the warrant application to be sufficient, it must allege facts sufficient to establish probable cause to search either or both dwellings. *See, e.g., State v. Marshall*, 939 A.2d 813 (N.J. Super. Ct. App. Div. 2008) (holding that it is insufficient for a warrant to describe the premises only by street number, or any other form of identification common to all of the dwellings when only one of the dwellings is subject to search). In the present case, there was no evidence in the record that established the ownership or occupancy of either the mobile home or the wood frame house, nor was there evidence in the record that established defendant as the target of the investigation.

Because there were no facts alleged that particularly supported the search of the wood frame house or the mobile home, no evidence presented regarding the ownership or control of the two dwellings, limited experience by the affiant in law enforcement, and a lack of a description of adequate surveillance of the controlled purchases, we conclude that the magistrate did not have a substantial basis for finding probable cause. Therefore, the trial court's order granting defendant's motion to suppress must be affirmed.

No Error.

Judges CALABRIA and STROUD concur.