STATE OF NORTH CAROLINA v. NORMAN BAXTER BANNER

No. COA10-123

(Filed 2 November 2010)

**1. Appeal and Error— denial of motion to suppress—properly preserved**

Defendant properly preserved for appellate review the denial of his motion to suppress evidence. Defendant specifically reserved his right to appeal the denial of the motion to suppress before entering his guilty plea and properly gave oral notice of appeal.

**2. Constitutional Law— search and seizure—search incident to arrest—order for arrest valid**

The trial court did not err in denying defendant's motion to suppress evidence seized as a result of a search of defendant incident to arrest for his failure to appear in court due to his imprisonment. The underlying charges that formed the basis for the arrest order remained unresolved at the time the order was executed and the recall of the order was not mandatory under N.C.G.S. § 15A-301(g)(2). Because the arrest was valid, the search incident to arrest was also valid.

Appeal by defendant from judgment entered 25 August 2009 by Judge Robert C. Ervin in Caldwell County Superior Court. Heard in the Court of Appeals 31 August 2010.

*Attorney General Roy Cooper, by Assistant Attorney General John P. Scherer II, for the State.*

*Mercedes O. Chut for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

The Lenoir County police discovered drugs in defendant's possession after executing an order to arrest for failure to appear. Defendant argues the order to arrest was invalid because clerical officials were aware the order was issued erroneously, and therefore, his arrest and the search incident to arrest were both unconstitutional. Provided the underlying charges that form the basis for an order to arrest for failure to appear remain unresolved at the time the order is executed, the order is not invalid—and an arrest made pursuant to

that order is not unconstitutional—merely because a clerk or judicial official has failed to recall the order after learning it was issued erroneously. Therefore, we affirm the trial court's order denying defendant's motion to suppress.

## I. Factual and Procedural Background

On 22 February 2007, defendant was cited to appear in Wilkes County Court for driving with a fictitious tag, driving while license revoked, and driving without insurance (collectively, "pending Wilkes County charges"). On 7 June 2007 in Caldwell County, he was convicted of three unrelated charges of driving while license revoked ("unrelated charges") and transferred to the Neuse Correctional Institution.[1] The pending Wilkes County charges were continued numerous times by his attorney, and a court date was eventually set for 29 August 2007. On his court date for the pending Wilkes County charges, defendant remained incarcerated due to his conviction on the unrelated charges, and no writ was issued to secure his presence in court. When defendant failed to appear, the court issued an order for his arrest.

The order for arrest remained outstanding when defendant was scheduled to be released by the North Carolina Department of Corrections ("NCDOC").[2] Because NCDOC policy prohibits the release of inmates with outstanding orders for arrest, NCDOC employees asked an employee of the Office of the Wilkes County Clerk of Superior Court to recall the order, explaining defendant had been incarcerated at the time the order for arrest was issued. The NCDOC then released defendant, apparently assuming the arrest order would be recalled.

However, the clerk of court failed to recall the order promptly. On 1 October 2007, officers with the Lenoir Police Department responded to a disturbance at the Employment Security Commission ("ESC"). Several ESC employees had complained to the police that defendant was intoxicated in the ESC parking lot, indicating they were concerned he would attempt to operate a motor vehicle. The police communications department performed a check for outstanding warrants and informed the officers of the order for arrest, which had not yet been

---

1. The record suggests that, at the time of his conviction for the unrelated charges, defendant was already incarcerated in the Caldwell County Detention Center.

2. Based on the record and the parties' briefs, it is unclear why defendant was being released, but it appears that he had completed his sentence for the unrelated charges.

recalled. They soon found defendant, who was on foot, and placed him under arrest. The officers searched him incident to arrest and discovered he was in possession of marijuana and cocaine. The record indicates the pending Wilkes County charges were unresolved on the date defendant was arrested.[3] The Wilkes County Clerk of Court finally recalled the order on 19 October 2007—more than two weeks after defendant's arrest.

Defendant was subsequently indicted for simple possession of cocaine and habitual felon status. He filed a motion to suppress, seeking to exclude from evidence the drugs discovered by the police. At his suppression hearing, the State did not contend the officers had independent probable cause to arrest or search defendant; rather, the officers were relying solely on the order to justify the arrest and subsequent search. The trial court made oral findings of fact in accord with the factual background set forth above. The trial court denied the motion to suppress. Defendant entered a guilty plea and appealed the denial of his motion to suppress to this Court.

## II. Jurisdiction and Standard of Review

[1] A criminal defendant is entitled to mandatory appellate review of an order denying a motion to suppress when his conviction judgment was entered pursuant to a guilty plea. See, e.g., State v. Dickson, 151 N.C. App. 136, 137, 564 S.E.2d 640, 640 (2002). This is a conditional statutory right, however, and the defendant must notify the State—with specificity—that he intends to appeal the denial of the motion to suppress before entering his guilty plea. State v. McBride, 120 N.C. App. 623, 625, 463 S.E.2d 403, 404 (1995) (citing State v. Tew, 326 N.C. 732, 735, 392 S.E.2d 603, 605 (1990); State v. Walden, 52 N.C. App. 125, 126-27, 278 S.E.2d 265, 266 (1981); State v. Reynolds, 298 N.C. 380, 396-97, 259 S.E.2d 843, 853 (1979)). Here, defendant specifically reserved his right to appeal the denial of the motion to suppress before entering his guilty plea. He also properly gave oral notice of appeal. Therefore, defendant is entitled to appeal the denial of his motion to suppress as a matter of right, and we have jurisdiction over his appeal.[4]

The parties have stipulated to all material facts. When reviewing the denial of a motion to suppress, conclusions of law are reviewed

---

3. This fact is critical because, as we explain *infra*, when the charges upon which an order to arrest is based are fully resolved, the order for arrest is automatically recalled.

4. Contrary to the assertions in the parties' briefs, defendant does not enjoy an appeal as of right under N.C. Gen. Stat. § 7A-27(b).

*de novo. E.g., State v. Jarrett*, 203 N.C. App. 675, 677, 692 S.E.2d 420, 423 (2010).

## III. Analysis

[2] Defendant makes a three-part argument on appeal: (1) no probable cause existed at the time of his search because the order to arrest was invalid; (2) there is no good-faith exception to Article I, Section 20 of the North Carolina Constitution;[5] therefore, (3) the exclusionary rule bars any evidence obtained as a result of his arrest. The State claims the officers were justified in relying on the order under a mistake of fact theory,[6] and in the alternative, the good-faith exception applies. Defendant's argument fails (although not for the reasons asserted by the State) because the order for arrest was valid.

Evidence obtained in violation of the Fourth Amendment's guarantee against unreasonable searches and seizures is generally excluded at trial. *See, e.g., Hudson v. Michigan*, 547 U.S. 586, 591, 165 L. Ed. 2d 56, 64 (2006) (discussing the application of the exclusionary rule); 1 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 1.6, at 186 (2004) ("In the typical case, the impact of the Fourth Amendment exclusionary rule is to bar from use *at trial* evidence obtained by an unreasonable search or seizure."). The exclusionary rule also applies to evidence obtained in violation of the North Carolina Constitution. *See State v. Carter*, 322 N.C. 709, 724, 370 S.E.2d 553, 562 (1988). In *United States v. Leon*, the United States Supreme Court approved an exception to the federal exclusionary rule: "evidence obtained in violation of the Fourth Amendment by officers acting in objectively reasonable reliance on a search warrant issued by a neutral and detached magistrate need not be excluded, as a matter of federal law." 468 U.S. 897, 927, 82 L. Ed. 2d 677, 701 (1984) (Blackmun, J., concurring) (summarizing the Court's holding). This is known as the "good-faith exception." The *Leon* Court explained that suppression of

---

5. The North Carolina Constitution provides that "[g]eneral warrants, whereby any officer or other person may be commanded to search suspected places without evidence of the act committed, or to seize any person or persons not named, whose offense is not particularly described and supported by evidence, are dangerous to liberty and shall not be granted." N.C. Const. art. I, § 20.

6. Specifically, the State argues the officers were relying on the validity of the order to arrest to give them probable cause, and because this mistake was reasonable, they had probable cause to arrest despite the order's invalidity. In other words, the officers were entitled to rely on the order to arrest because they had no reason to know it was invalid. This is merely an attempt to utilize the good-faith exception without referring to it as the "good-faith exception." Furthermore, as we explain *infra*, the order was valid.

evidence is only required when doing so will further the goal of the exclusionary rule—deterrence. *Id.* at 918 n.19, 82 L. Ed. 2d at 695 n.19 (majority opinion). There is disagreement over whether there is such an exception to the North Carolina Constitution.[7] Thus, it is possible that evidence not excluded by the federal constitution might be excluded by the North Carolina Constitution.

Not all searches and seizures require a warrant. A search of a suspect's *person* incident to a constitutional arrest requires no additional justification. *See United States v. Robinson,* 414 U.S. 218, 235, 38 L. Ed. 2d 427, 441 (1973); *cf. Arizona v. Gant,* —— U.S. ——, ——, 173 L. Ed. 2d 485, 491 (2009) (holding that the blanket search incident to arrest exception does *not* apply to "a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle"). This exception to the general search warrant requirement is based on officer safety and evidence preservation concerns. *Gant,* —— U.S. at ——, 173 L. Ed. 2d at 493 (citing *Robinson,* 414 U.S. at 230-34, 38 L. Ed. 2d at 437-42; *Chimel v. California,* 395 U.S. 752, 763, 23 L. Ed. 2d 685, 694 (1969)).

According to defendant, the order for arrest was invalid because the Wilkes County Clerk of Court failed to recall it as requested. We disagree. Chapter 15A of the North Carolina General Statutes distinguishes between arrest *warrants* and *orders* for arrest—they are separate, distinct types of criminal processes. *See* N.C. Gen. Stat. §§ 15A-304 to -305 (2009) (establishing these processes in separate statutes and creating different issuance rules). Two circumstances under which an order for arrest may be issued are when an individual fails to appear pursuant to a criminal summons, N.C. Gen. Stat. § 15A-305(b)(3), and when "[i]n any criminal proceeding in which the defendant has become subject to the jurisdiction of the court, it becomes necessary to take the defendant into custody," N.C. Gen. Stat.

---

7. *Compare Carter,* 322 N.C. at 722-24, 370 S.E.2d at 561-62 (refusing to allow a good-faith exception to the North Carolina Constitution with respect to non-testimonial identification orders), Robert H. Hobgood, *I-95 A/K/A The Drug Trafficker's Freeway, and Its Impact on State Constitutional Law,* 21 Campbell L. Rev. 237, 259-62 (1999) (discussing *Carter* and stating that there is no good-faith exception to the North Carolina Constitution), *and* Irving Joyner, *Criminal Procedure in North Carolina* § 8.10, at 709 (3d ed. 2006) (stating that the North Carolina Supreme Court has rejected the good-faith exception), *with State v. Garner,* 331 N.C. 491, 506-08, 417 S.E.2d 502, 510-11 (1992) (rejecting the notion that Article I, Section 20 of the North Carolina Constitution provides more protection than the Fourth Amendment to the United States Constitution while approving the use of the inevitable discovery rule).

§ 15A-305(b)(5).[8] The issuing official is permitted—but not required—to withdraw the order if he has "good cause" to do so. *See* N.C. Gen. Stat. § 15A-301(g)(2) (2009) (setting forth several circumstances under which an order for arrest "may" be recalled). The disposition of all charges forming the basis for an order for arrest "shall effect the recall" of that order without any action by a judicial official. N.C. Gen. Stat. § 15A-301(g)(3).

Here, the charges upon which the order for arrest was based (the pending Wilkes County charges) had not been resolved by the time defendant was arrested. Thus, there was no automatic recall of the order. Even if good cause to recall existed, recall was not *mandatory* under section 15A-301(g)(2); therefore, the failure to recall did not nullify the order. The officers were entitled to rely on it, and no independent probable cause was required to arrest defendant. Because the arrest was valid, the search incident to arrest was also valid. Accordingly, we have no occasion to resolve the disagreement over whether there is a good-faith exception to Article I, Section 20 of the North Carolina Constitution.

Affirmed.

Judges HUNTER, Robert C., and LEWIS concur.

---

8. While defendant argues the order for arrest was issued under a mistaken belief that he was not incarcerated when he failed to appear in court, he does not claim the issuance of the order constituted an abuse of discretion or that the original criminal summons was not based on probable cause.