DAVIS, Judge.
 

 *813
 
 In this appeal, we consider whether a search warrant application relying principally upon information obtained from a confidential informant was sufficient to support a magistrate's finding of probable cause. James Paul Brody ("Defendant") appeals from the trial court's order denying his motion to suppress evidence obtained from his residence pursuant to a search warrant. Because we conclude that the affidavit in support of the search warrant application was sufficient to establish probable cause, we affirm.
 

 Factual and Procedural Background
 

 On 14 October 2014, the Charlotte-Mecklenburg Police Department began an investigation into possible drug trafficking by Defendant. On 28 October 2014, Detective E.D. Duft applied for a warrant to search Defendant's home located at 3124 Olde Creek Trail in Matthews, North Carolina. The application was supported by an affidavit in which Detective Duft described his investigation of Defendant, including information about Defendant's drug dealing activity that was obtained through a confidential informant (the "CI"). A magistrate issued the search warrant that same day.
 

 Upon executing the search warrant, Detective Duft seized evidence of illegal drugs in Defendant's home. On 30 March 2015, Defendant was indicted for maintaining a place to keep controlled substances, possession with intent to sell or deliver marijuana, possession of marijuana, possession with intent to sell or deliver cocaine, carrying a concealed weapon, and possession of drug paraphernalia.
 

 On 19 August 2015, Defendant filed a motion to suppress the evidence seized pursuant to the search warrant, arguing that the affidavit submitted by Detective Duft was insufficient to establish probable cause to issue the warrant. The motion was heard before the Honorable Carla N. Archie in Mecklenburg County Superior Court on 1 October 2015. After hearing arguments from the parties, the trial court denied the motion.
 

 That same day, pursuant to a plea agreement, Defendant subsequently pled guilty to the charge of possession with intent to sell or deliver cocaine, and the remaining charges were dismissed. As part of the plea arrangement, Defendant reserved his right to appeal the denial of his motion to suppress. The trial court sentenced Defendant to 5 to 15 months imprisonment, suspended the sentence, and placed him on 18 months of supervised probation. On 22 December 2015, the trial court issued a written order denying Defendant's motion to suppress. Defendant filed a timely notice of appeal.
 

 *814
 

 Analysis
 

 Defendant's sole argument on appeal is that the trial court erred in denying his motion to suppress evidence found during the search of his home because the search warrant obtained by Detective Duft was not supported by probable cause. A defendant "is entitled to mandatory appellate review of an order denying a motion to suppress when his conviction judgment was entered pursuant to a guilty plea" if he expressly preserved the right to appeal that ruling.
 
 State v. Banner
 
 ,
 
 207 N.C.App. 729
 
 , 731,
 
 701 S.E.2d 355
 
 , 357 (2010). Here, because Defendant specifically reserved his right to appeal when he entered his guilty plea, his appeal is properly before us.
 

 An application for a search warrant must include (1) a statement that there is probable cause to believe that items subject to seizure may be found in the place described; and (2) "one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched[.]"
 

 *387
 
 N.C. Gen. Stat. § 15A-244 (2015). In determining whether to issue a warrant, the magistrate must "make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place."
 
 State v. Arrington
 
 ,
 
 311 N.C. 633
 
 , 638,
 
 319 S.E.2d 254
 
 , 257-58 (1984) (citation omitted).
 

 When the motion to suppress is based upon a defendant's contention that the search warrant obtained was not supported by probable cause, the trial court must determine whether, based on the totality of the circumstances, "the evidence as a whole provides a substantial basis for concluding that probable cause exists."
 
 State v. Sinapi
 
 ,
 
 359 N.C. 394
 
 , 398,
 
 610 S.E.2d 362
 
 , 365 (2005) (citation and quotation marks omitted);
 
 see also
 

 State v. McCoy
 
 ,
 
 100 N.C.App. 574
 
 , 576,
 
 397 S.E.2d 355
 
 , 357 (1990) ("The standard for a court reviewing the issuance of a search warrant is whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." (citation and quotation marks omitted)).
 

 Probable cause ... means a reasonable ground to believe that the proposed search will reveal the presence upon the premises to be searched of the objects sought and that those objects will aid in the apprehension or conviction of the offender. Probable cause does not mean actual and positive cause, nor does it import absolute certainty.....
 

 *815
 
 If the apparent facts set out in an affidavit for a search warrant are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a search warrant.
 

 State v. Campbell
 
 ,
 
 282 N.C. 125
 
 , 128-29,
 
 191 S.E.2d 752
 
 , 755 (1972) (internal citations and quotation marks omitted).
 

 In the present case, Detective Duft's affidavit in support of his warrant application stated, in pertinent part, as follows:
 

 Detective E. Duft, # 1847, has received information from a confidential and reliable informant that James Paul BRODY is possessing and selling cocaine from his residence at 3124 Olde Creek Trail, Matthews, NC.
 

 On October 14, 2014, investigators received information and began an investigation into the cocaine trafficking activities of James Paul BRODY. This informant has arranged, negotiated and purchased cocaine from BRODY under the direct supervision of Detective Duft. This informant has been to 3124 Olde Creek Trail, Matthews, NC within the past 48 hours and has observed BRODY possessing and selling cocaine. This informant has been to this location on approximately 30 plus occasions and has observed BRODY possessing and selling cocaine on each occasion. This informant has also described seeing a firearm at this location.
 

 Investigators have known this informant for approximately two weeks. This informant has provided information on other persons involved in drug trafficking in the Charlotte area which we have investigated independently. Through interviews with the informant, detectives know this informant is familiar with drug pricing and how controlled substances are packaged and sold for distribution in the Charlotte area.
 

 Detective E.D. Duft, # 1847, has eighteen (18) years of law enforcement experience with three (3) years as a street drug interdiction officer, five (5) years as a vice and narcotics detective for the Charlotte-Mecklenburg Police Department and ten (10) years as a Task Force Officer for the Drug Enforcement Administration (DEA).
 

 *816
 
 [Detective Duft] has attended narcotics schools on both the state and federal level including: a two day Street Drug Interdiction school, an Undercover Drug School, a Pipeline Drug School, Jetway Drug Training, DEA Basic Drug Investigators School, DEA Task Force Officer school, Rave and Club Drug Investigations, Financial Investigations, Telephone Exploitation and Basic, Advanced Internet Communication Exploitation and Clandestine Lab Training and certification.
 

 Based upon this affidavit, the magistrate determined that there was probable cause to issue the search warrant. The trial court subsequently ruled that the magistrate had
 
 *388
 
 properly granted the warrant, concluding that (1) "[s]ufficient detail was present in the search warrant to assure the magistrate of the informant's reliability"; (2) "[t]here was a substantial basis to believe that a fair probability existed that a controlled substance would be found in the residence identified in the search warrant"; and (3) "[p]robable cause existed to issue the search warrant."
 

 On appeal, Defendant argues that probable cause was not established because the affidavit failed to show that the CI was reliable and that drugs were likely to be found in Defendant's home. It is well established that probable cause may be shown through the use of information provided by informants.
 
 State v. Brown
 
 ,
 
 199 N.C.App. 253
 
 , 257,
 
 681 S.E.2d 460
 
 , 463 (2009). "In utilizing an informant's tip, probable cause is determined using a totality-of-the-circumstances analysis which permits a balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending an informant's tip."
 
 State v. Holmes
 
 ,
 
 142 N.C.App. 614
 
 , 621,
 
 544 S.E.2d 18
 
 , 22 (2001) (citation and quotation marks omitted).
 

 The indicia of reliability of an informant's tip may include (1) whether the informant was known or anonymous, (2) the informant's history of reliability, and (3) whether information provided by the informant could be independently corroborated by the police.
 

 Brown
 
 ,
 
 199 N.C.App. at 258
 
 ,
 
 681 S.E.2d at 463
 
 (citation and quotation marks omitted).
 

 "A known informant's information may establish probable cause based upon a reliable track record in assisting the police."
 
 State v. Leach
 
 ,
 
 166 N.C.App. 711
 
 , 716,
 
 603 S.E.2d 831
 
 , 835 (2004),
 
 appeal dismissed
 
 ,
 
 359 N.C. 640
 
 ,
 
 614 S.E.2d 538
 
 (2005) ;
 
 see also
 

 *817
 

 State v. McRae
 
 ,
 
 203 N.C.App. 319
 
 , 324,
 
 691 S.E.2d 56
 
 , 60 (2010) ("[A] tip from a reliable, confidential informant may supply probable cause[.]").
 

 Our caselaw emphasizes the importance of distinguishing between anonymous informants and informants who are known to the officers and have provided reliable information in the past. "[T]he difference in evaluating an anonymous tip as opposed to a reliable, confidential informant's tip is that the overall reliability is more difficult to establish, and thus some corroboration of the information or greater level of detail is generally necessary."
 
 McRae
 
 ,
 
 203 N.C.App. at 325
 
 ,
 
 691 S.E.2d at 61
 
 (citation, quotation marks, and brackets omitted);
 
 see also
 

 State v. Crowell
 
 ,
 
 204 N.C.App. 362
 
 , 366,
 
 693 S.E.2d 370
 
 , 373 (2010) (concluding that corroboration by police was not required to establish reliability of tip provided by known informant who had demonstrated past reliability);
 
 Chadwick
 
 , 149 N.C.App. at 203, 560 S.E.2d at 209 ("A known informant's information may establish probable cause based on a reliable track record, or an anonymous informant's information may provide probable cause if the caller's information can be independently verified.").
 

 We find instructive our decision in
 
 State v. Barnhardt
 
 ,
 
 92 N.C.App. 94
 
 ,
 
 373 S.E.2d 461
 
 ,
 
 disc. review denied
 
 ,
 
 323 N.C. 626
 
 ,
 
 374 S.E.2d 593
 
 (1988). In
 
 Barnhardt
 
 , a detective stated in his affidavit supporting a search warrant application that he had received information from a confidential informant who had "personally observed a large amount of cocaine at the residence of [the defendant]" within 24 hours prior to the affidavit being sworn and had provided a detailed description of the outside of the defendant's home.
 
 Id.
 
 at 97,
 
 373 S.E.2d at 463
 
 . The detective's affidavit also reflected that the informant knew what cocaine looked like because he had purchased the drug in the past.
 
 Id.
 
 at 98,
 
 373 S.E.2d at 463
 
 . The detective acknowledged in the affidavit that the informant had "never given any information to me before."
 

 Id.
 

 Based on this affidavit, the magistrate found probable cause to issue a search warrant for the defendant's home. On appeal, we held that the affidavit was sufficient to support the magistrate's probable cause determination, explaining that it
 

 provided timely information, exact detail of the premises to be searched, and it described the informant's ability to identify cocaine. These circumstances, supplemented by the officer's credentials and experience, amount to a substantial basis for the
 
 *389
 
 magistrate's determination that probable cause existed.
 

 Id.
 

 *818
 
 The affidavit in the present case provided an even stronger basis for a probable cause finding. Here, Detective Duft's affidavit stated that investigators had known the CI for two weeks, the CI had previously provided them with information on other persons involved in drug trafficking in the area, and Detective Duft considered the CI to be a "reliable informant." The CI had demonstrated to Detective Duft that he was "familiar with drug pricing and how controlled substances are packaged and sold for distribution in the Charlotte area." Moreover, the CI had previously "arranged, negotiated and purchased cocaine from [Defendant] under the direct supervision of Detective Duft."
 
 [1]
 
 In addition, the CI revealed to Detective Duft that he had visited Defendant's home approximately 30 times-including a visit that occurred within 48 hours prior to the affidavit being sworn-and "observed [Defendant] possessing and selling cocaine on each occasion." Finally, the affidavit reflected that Detective Duft possessed 18 years of law enforcement experience, including significant experience and training relating to the investigation of drug trafficking.
 

 Accordingly, viewing all of these facts under the totality of the circumstances, we conclude that the magistrate had a substantial basis for determining that probable cause existed to believe cocaine was present in Defendant's home based on Detective Duft's affidavit and the permissible inferences that could be drawn from it.
 
 See
 

 State v. Taylor
 
 ,
 
 191 N.C.App. 587
 
 , 590,
 
 664 S.E.2d 421
 
 , 423 (2008) ("[T]he duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." (citation, quotation marks, brackets, and ellipsis omitted));
 
 State v. Benters
 
 ,
 
 367 N.C. 660
 
 , 665,
 
 766 S.E.2d 593
 
 , 598 (2014) ("[A] magistrate is entitled to draw reasonable inferences from the material supplied to him by an applicant for a warrant." (citation and quotation marks omitted)).
 

 We are unpersuaded by Defendant's contention that Detective Duft's affidavit failed to adequately demonstrate the CI's reliability. The affidavit stated both that (1) law enforcement officers independently investigated prior information provided by the CI; and (2) Detective Duft
 
 *819
 
 considered the CI to be a "reliable informant." The fact that the affidavit did not describe the precise outcomes of the previous tips from the CI did not preclude a determination that the CI was reliable. Although a general averment that an informant is "reliable"-taken alone-might raise questions as to the basis for such an assertion, the fact that Detective Duft also specifically stated that investigators had received information from the CI in the past allows for a reasonable inference that such information demonstrated the CI's reliability.
 
 See, e.g.
 
 ,
 
 State v. Edwards
 
 ,
 
 185 N.C.App. 701
 
 , 705,
 
 649 S.E.2d 646
 
 , 649 ("Even though Officer Warren did not spell out in exact detail the connection between the informant and the previous drug investigations, the magistrate could properly infer the confidential informant had provided reliable information to Officer Warren in previous situations."),
 
 disc. review denied
 
 ,
 
 362 N.C. 89
 
 ,
 
 656 S.E.2d 281
 
 (2007). Moreover, Detective Duft had further opportunity to gauge the CI's reliability when "he arranged, negotiated and purchased cocaine from [Defendant] under the direct supervision of Detective Duft."
 

 We also reject Defendant's assertion that this case is controlled by
 
 Taylor
 
 . In that case, a special agent for the sheriff's office with two years of law enforcement experience submitted an affidavit in support of a search warrant for a location containing both a mobile home and a house.
 
 Taylor
 
 ,
 
 191 N.C.App. at 588
 
 ,
 
 664 S.E.2d at 422
 
 . In his affidavit, the special agent averred that a confidential informant-whom he had previously found to be reliable-had "visited the described location at the direction and surveillance
 
 *390
 
 of this [a]pplicant and while at the location ... made a purchase of the controlled substance."
 

 Id.
 

 A magistrate issued a warrant, and drugs were found in the house when the warrant was executed. The defendant filed a motion to suppress, which the trial court granted on the ground that the special agent's affidavit did not establish probable cause.
 
 Id.
 
 at 589,
 
 664 S.E.2d at 422
 
 . The State appealed, and we affirmed the trial court's ruling, explaining as follows:
 

 [N]o facts were alleged in the affidavit that particularly set forth where on the premises the drug deals occurred. The affidavit merely stated that the CI "had visited the described location" and made controlled purchases of cocaine "while at the location," without particularly stating which, if any, of the two dwellings he entered to make the purchases. There were also no facts alleged in the affidavit that identified the defendant as the owner of either residence. Additionally, Special Agent Perry had only been
 
 *820
 
 working in law enforcement for two years at the time he applied for the search warrant. He also failed to include facts regarding whether he observed the transactions between the CI and the seller himself, and did not establish the identity of the seller of the cocaine as defendant. Finally, Special Agent Perry's affidavit failed to identify the Sampson County Sheriff's Office procedure for controlled purchases of controlled substances and was silent as to whether he followed that procedure with the CI. Special Agent Perry merely stated that the CI had been proven reliable in the past by following the controlled purchase procedure, but did not allege that the procedure was followed in the present investigation, alleging only that "while at the location the [CI] made a purchase of the controlled substance. Immediately after leaving the location, the [CI] met with the applicant and turned over the controlled substance."
 

 Id.
 
 at 590-91,
 
 664 S.E.2d at 423-24
 
 (emphasis omitted).
 

 The present case is distinguishable from
 
 Taylor
 
 for a number of reasons. First, there is no ambiguity here as to which of multiple dwellings listed in an affidavit was likely to contain the contraband sought or whether the defendant was the owner of the home at issue. Detective Duft's affidavit stated that the CI had seen Defendant inside the one residence listed in the affidavit-Defendant's home-approximately 30 times in the past, including within 48 hours of the affidavit being sworn. Moreover, unlike the officer in
 
 Taylor
 
 -who possessed only limited law enforcement experience-Detective Duft has worked in law enforcement for 18 years and has extensive drug enforcement experience and training.
 

 In reaching our decision in this case, we are mindful that our Supreme Court has cautioned that a "grudging or negative attitude by reviewing courts toward warrants is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; courts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner."
 
 State v. Riggs
 
 ,
 
 328 N.C. 213
 
 , 222,
 
 400 S.E.2d 429
 
 , 434-35 (1991) (citation, quotation marks, and brackets omitted). "[G]reat deference should be paid a magistrate's determination of probable cause and ... after-the-fact scrutiny should not take the form of a
 
 de novo
 
 review."
 
 Benters
 
 ,
 
 367 N.C. at 665
 
 ,
 
 766 S.E.2d at 598
 
 (citation and quotation marks omitted). Therefore, "[t]he resolution of
 
 *821
 
 doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."
 

 Id.
 

 at 675
 
 ,
 
 766 S.E.2d at 604
 
 (citation and quotation marks omitted).
 

 We are satisfied that Detective Duft's affidavit contained sufficient information to support the magistrate's determination that probable cause existed to issue the search warrant. Accordingly, we affirm the trial court's denial of Defendant's motion to suppress.
 

 Conclusion
 

 For the reasons stated above, we conclude that the trial court did not err in denying Defendant's motion to suppress.
 

 AFFIRMED.
 

 Judges CALABRIA and TYSON concur.
 

 [1]
 

 Defendant points out that the affidavit does not specify whether or not this purchase occurred at Defendant's home. However, regardless of whether it took place at Defendant's residence or at some other location, this purchase nevertheless (1) added support to Detective Duft's determination that the CI was reliable; and (2) demonstrated that Defendant was engaged in the sale of drugs. Thus, the purchase, in conjunction with the CI having previously observed cocaine at Defendant's home on numerous occasions (including within the prior 48 hours), added support to the magistrate's probable cause determination.